


**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ, dba Long Beach Realty, Inc., dba South Bay Realty; dba Mindset, aka Art Gonzalez; aka Art Gonzalez, Jr.,<br><br>Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO CONVERT CASE** |

This case came on for hearing before the undersigned United States Bankruptcy Judge on June 23, 2016 and July 15, 2016 on the contested matter of the motion of debtor Arturo Gonzales to convert this Chapter 7 bankruptcy case to one under Chapter 13, ECF 27, filed on January 15, 2016. Wesley H. Avery, the Chapter 7 bankruptcy trustee appointed in this case, opposed the motion, ECF 36, filed on January 29, 2016. The court conducted an evidentiary hearing on the motion on June 23, 2016 and a further hearing on July 15, 2016. Anerio V. Altman, of the law office of Lake Forest Bankruptcy, represented the debtor, and Brett B. Curlee, of the Law Office of Brett Curlee, represented the trustee.

Having considered the moving and opposing papers, the evidence in support and in opposition to the motion, and the oral and written arguments of the parties, pursuant to

Federal Rules of Bankruptcy Procedure 7052 and 9014 and Federal Rule of Civil Procedure 52, the court finds and concludes as follows:

1. The court finds that based on this record, the debtor is not eligible for relief under Chapter 13 because he is not an individual with regular income within the meaning of 11 U.S.C. §§ 101(30) and 109(e) whose income is sufficiently stable and regular to enable to make payments under a Chapter 13 plan as his income and expense schedules (Schedules I and J) to his bankruptcy petition filed in this case to reflect his monthly net income as of the date of the filing of the bankruptcy petition show negative monthly net income (-$263.00), ECF 1, filed on October 5, 2015, at 28-32, and that debtor has not shown that his negative monthly net income has changed to positive.
2. The court concludes that the debtor cannot convert this Chapter 7 bankruptcy case to Chapter 13 unless he is eligible for relief under that chapter, which he is not at this time based on this record. 11 U.S.C. § 706(d); *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 372 and n. 6 (2007); *see also,* 1 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶5:1722 at 5(II)-7 (2015). "Debtors with no excess income or who cannot establish with reasonable certainty that income will be forthcoming do not meet the 'regular income requirement' [of Chapter 13]." 1 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶5:570 at 5(I)-110, *citing, In re Jones,* 174 B.R. 8, 13 (Bankr. D. N.H. 1994); *see also,* 11 U.S.C. §§ 101(30) and 109(e).

//

//

3. The court does not reach the other grounds asserted by the parties for granting or denying the motion.

For the foregoing reasons, the court denies the debtor's motion to convert this case to Chapter 13.

**IT IS SO ORDERED.**

###

Date: July 19, 2016

Robert Kwan
United States Bankruptcy Judge