

**FILED & ENTERED**

**MAY 31 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br><br><br>Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NOS. 1 AND 2 OF DISCOVER BANK<br><br>Date:   May 30, 2017<br>Time:   2:30 p.m.<br>Courtroom:   1675 |

    This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on May 30, 2017 on Debtor Arturo Gonzalez's objection to claims no. 1 and 2 of Claimant Discover Bank (Docket No. 184), filed on April 24, 2017.  Debtor appeared for himself.  No appearances were made by Discover Bank.

    The court overrules the objection as moot since Claimant filed withdrawals of these claims on February 7, 2017 (Docket Nos. 176 and 177) before Debtor filed his objection to these claims on April 24, 2017 (Docket No. 184).

Debtor in his argument before the court pointed out that he had previously filed an objection to these claims before Claimant withdrew its claims, but this argument was not raised in his papers for his objection filed on April 24, 2017, and neither the court nor Debtor recalled when he filed his previous objection at the hearing. After the hearing on May 30, 2017, the court reviewed the docket and saw that Debtor had filed his initial objection to these claims (Docket No. 165) on January 12, 2017, which was before Claimant withdrew its claims on February 7, 2017 (Docket Nos. 176 and 177) as he stated at the hearing. However, Debtor failed to attach a proof of service of the objection to the initial objection, and the court denied Debtor's initial objection to these claims for lack of proof of service as stated in its order entered on February 24, 2017 (Docket No. 180). See Local Bankruptcy Rules 3007-1 and 9013-1(e). Debtor argues that it was through his efforts by his initial objection that Claimant withdrew its claims. While this may be so, given the chronology of these events, there is no way of knowing for sure, however, on this record as it would be a matter of speculation for the court and Debtor to guess as to Claimant's motivation for withdrawing its claims.

Also, as to the merits of the objection filed on April 24, 2017, assuming for sake of argument that the claims have not been withdrawn, the court would overrule Debtor's objection to these claims on grounds that the proof of claims filed by Claimant in this bankruptcy case seeking payment of claims for which the collection is time-barred under state law violate the Fair Debt Collection Practices Act ("FDCPA"). On May 15, 2017, the Supreme Court held that the filing of proofs of such claims in a bankruptcy case does not violate the FDCPA. *Midland Funding, LLC v. Johnson*, __U.S. ___, No. 16-348 (opinion filed on May 15, 2017 – available on the Supreme Court's website,

1  https://www.supremecourt.gov/opinions/16pdf/16-348_h315.pdf) , 2017 WL 2039159

2  (2017), *reversing*, *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

3     IT IS SO ORDERED.

4                                             ###

25  Date: May 31, 2017

    _____
    Robert Kwan
    United States Bankruptcy Judge