1   BRETT B. CURLEE (SBN 151058)
    LAW OFFICES OF BRETT CURLEE
2   11377 West Olympic Blvd., Suite 200
    Los Angeles, CA 90064
3   Telephone: (310)203-3084
    Facsimile: (310) 203-3071
4   Email: Brett.Curlee@TheCurleeLawFirm.com

5   Attorney for the Movant and Chapter 7
    Trustee, WESLEY H. AVERY
6

**FILED & ENTERED**

**JUN 05 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

7                           **NOT FOR PUBLICATION**

                                        **CHANGES MADE BY COURT**
8               UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11  In re ARTURO GONZALEZ,              ) CASE NO. 2:15-bk-25283-RK
                                        )
12                          Debtor.     ) Chapter 7
                                        )
13                                      ) ORDER OVERRULING DEBTOR'S
                                        ) OBJECTION TO PROOF OF CLAIM
14                                      ) FILED BY THE FRANCHISE TAX
                                        ) BOARD, CLAIM NO. 5
15                                      )
                                        ) Date:  May 30, 2017
16                                      ) Time: 2:30 p.m.
                                        ) Courtroom: 1675
17  _____ ) Edward R. Roybal Federal Building
                                          And Courthouse
18                                        255 East Temple Street
                                          Los Angeles, CA 90012
19

20          The hearing on "Debtor's Objection to Proof of Claim Filed by the Franchise Tax Board,

21  Claim No. 5 in the Claims Register" ("Motion") was held on May 30, 2017 at 2:30 p.m. before the

22  above-referenced bankruptcy court, the Honorable Robert N. Kwan, Bankruptcy Judge, presiding.

23          The Movant and Debtor, Arturo Gonzalez, an individual, dba Long Beach Realty, Inc., dba

24  South Bay Realty; dba Mindset, aka Art Gonzalez; aka Art Gonzalez, Jr. ("Debtor"), appeared in

25  pro se.  The Respondent and Chapter 7 Trustee for the Bankruptcy Estate of Arturo Gonzalez,

26

27  Wesley H. Avery ("Trustee"), appeared through his attorneys of record, Law Offices of Brett

28  Curlee, through attorney, Brett B. Curlee, Esq.  No other appearances were made or stated in the

record at the time of hearing on the Motion.

The Court, having reviewed the Motion (Docket No. 182), the Opposition to the Motion filed by the Trustee (Docket No. 193), and the evidence submitted by the Debtor and the Trustee in support of and in Opposition to the Motion, and having determined Notice of the Motion was timely and properly given pursuant to the "Proof of Service of the Objection to Claims filed by Debtor, Arturo Gonzalez, Jr." (Docket No. 187), and having heard the oral argument of the Debtor and Trustee's counsel at the hearing on the Motion, the Court makes the following findings:

1.   There are two parts to the Claim filed by the Franchise Tax Board ("FTB"), Claim No. 5 in the Claims Register.   The first part is an unsecured priority claim pursuant to 11 U.S.C. §507(a)(8) for $3,976.14 ("Principal") for taxes and interest due for the period ending 12/31/2014. This claim is not dischargeable under 11 U.S.C. §523(a)(1)(A), and thus, the Debtor has standing to object to a claim, here the FTB's claim for Principal, under the case cited by the Trustee in *In re Wellman,* 378 B.R. 416 (9th Cir. BAP 2007)(unpublished memorandum decision)*,* slip op. at *1 n. 1;

2.   The second part of the FTB's claim is for penalties and interest in the total amount of $1,974.03 ("Penalties"), due on the Principal for the period ending 12/31/2014.   Since this part of the claim is an unsecured general claim for Penalties on the Principal owed on the 2014 income taxes under 11 U.S.C.§507(a)(8), not excepted from discharge under 11 U.S.C. §523(a)(1)(A), the Debtor has standing to object only if this is a surplus case or the claim would not be dischargeable under the case cited by the Trustee in *In re Wellman,* 378 B.R. 416 (9th Cir. BAP 2007)(unpublished memorandum decision), slip op. at *1 n. 1.   The evidence presented in support of the Opposition shows this bankruptcy case is not likely to be a surplus case, and the Penalties portion of the FTB's claim is dischargeable.   The Debtor presented no evidence to show this bankruptcy case will be a surplus case or to show that Penalties portion of the FTB's claim is not a

dischargeable unsecured general claim; and as such, Debtor lacks standing to object to this part of the claim,

3.      The Debtor argues the FTB claim must be disallowed because it was filed on August 18, 2016, after the April 4, 2016 deadline for governmental units to file proofs of claim. The FTB's claim for the Principal is a late filed unsecured priority claim permitted to be paid and not disallowable as untimely under 11 U.S.C. §502(b)(9) as there is an exception in that statute for late filing of such claims under 11 U.S.C. §726(a)(1).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.      The Trustee's objection in the Opposition is <u>overruled</u> as to the Debtor's standing to object to the portion of the FTB claim for Principal, since this portion of the claim is an unsecured priority claim that is not dischargeable for the reasons stated above;

2.      The Trustee's objection in the Opposition is <u>sustained</u> as to the Debtor's standing to object to the portion of the FTB claim for Penalties, since this portion of the claim is an unsecured general claim that is dischargeable for the reasons stated above;

3.      Although the Debtor has standing to object to the FTB's claim for Principal as a late filed claim, the Debtor's objection on this basis is <u>overruled</u> for the reasons stated above; and,

4.      The Debtor's objection to the Claim of the Franchise Tax Board, Claim No. 5, is <u>overruled</u>.

Date: June 5, 2017

_____
Robert Kwan
United States Bankruptcy Judge