

FILED & ENTERED

JUN 27 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>      Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON DEBTOR'S CLAIM OF A "TOOLS OF THE TRADE" EXEMPTION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 704.060(a)(1) RELATING TO THE CONTESTED MATTER OF THE CHAPTER 7 TRUSTEE'S MOTION OBJECTING TO THE DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN REAL PROPERTY LOCATED AT 329 HAWAIIAN AVENUE, WILMINGTON, CA** |

Pending before the court is the limited issue raised by Wesley T. Avery, Chapter 7 Trustee ("Trustee"), in his Motion Objecting to the Claimed Homestead Exemption of Debtor Arturo Gonzalez ("Debtor") in Real Property Located at 329 Hawaiian Avenue, Wilmington, CA ("Motion"), Electronic Case Filing Number ("ECF") 96, filed on June 8, 2016, on whether Debtor's claim of exemption in Long Beach Realty Inc.'s sales commissions in the amount of $7,625.00 is allowable under California Code of Civil Procedure ("C.C.P.") § 704.060(a)(1) as "tools of the trade."

On May 9, 2016, Debtor filed amended bankruptcy schedules in this case, including an amended Schedule C-Property Claimed as Exempt, which changed his

1   claim of exemptions from exemptions in personal property assets under C.C.P. § 703.140

2   to exemptions in a homesteaded real property and personal property assets under C.C.P.

3   § 704.  *Summary of Amended Schedules, Master Mailing List, and/or Statements [LBR*

4   *1007-1(c)]*, ECF 85, filed on May 9, 2016.  In these amended schedules, Debtor claimed

5   a $75,000 homestead exemption in his real property at 329 Hawaiian Avenue,

6   Wilmington, California, under C.C.P. § 704.730, and various personal property assets,

7   including his real estate sales commissions of $7,625 from his business, Long Beach

8   Realty, Inc., under C.C.P. § 704.060(a)(1).  *Summary of Amended Schedules, Master*

9   *Mailing List and/or Statements [LBR 1007-1(c)]* at *Schedule C-Property Claimed as*

10  *Exempt*, ECF 85-1, filed on May 9, 2016, at 7-8.  ECF 96.

11      Trustee in his Motion objected to Debtor's claimed exemptions in the real property

12  as a homestead exemption under C.C.P. § 704.730 and in the real estate commissions

13  as a "tool of the trade" pursuant to C.C.P. § 704.060(a)(1).   ECF 96.  Debtor filed an

14  opposition to the Motion.  *Debtor's Opposition to the Objection of the Chapter 7 Trustee*

15  *to the Debtor's Claimed Homestead Exemption in Real Property Located at 329 Hawaiian*

16  *Avenue, Wilmington, CA,* ECF 113, filed on June 24, 2016.  The court treated the Motion

17  as a contested matter under Federal Rule of Bankruptcy Procedure 9014, which was

18  tried before the court on August 17, 2016.  By separate memorandum decision and order

19  thereon, the court ruled upon Debtor's claimed homestead exemption under C.C.P. §

20  704.730.  *Order Granting Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed*

21  *Homestead Exemption in Real Property Located at 329 Hawaiian Avenue, Wilmington,*

22  *CA,* ECF 202, filed and entered on June 27, 2017; *Memorandum Decision after Trial on*

23  *Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed*

24  *Homestead Exemption in Real Property Located at 329 Hawaiian Avenue, Wilmington,*

25  *CA,* ECF 203, filed and entered on June 27, 2017.

26

27

28

2

1    In this memorandum decision and accompanying order, the court now rules on

2   Trustee's Motion as to his objection to Debtor's claimed exemption in the real estate

3   sales commissions of $7,625 as "tools of the trade" pursuant to C.C.P. § 704.060(a)(1).

4    On Debtor's amended Schedule C-Property Claimed as Exempt, he listed the

5   following assets of his business, Long Beach Realty, Inc., including "Bank Account:

6   $1,100.00," "Accounts Receivable: $0," "Contingent Interests at time of filing: $44,303,"

7   "W. L Street Sale: $9,500," "Banning Sale: $20,178" and "Oce[a]nside Sale: $14,625."

8   *Summary of Amended Schedules, Master Mailing List and/or Statements [LBR 1007-1(c)]*

9   at *Schedule C-Property Claimed as Exempt*, ECF 85-1 at 7-8.  The so-called "Contingent

10   Interests at time of filing" were Debtor's real estate sales commissions as to three

11   properties, W.L. Street, Banning and Oceanside, and had been received by Debtor and

12   reduced to cash as discussed in the court's memorandum decision on Debtor's claimed

13   homestead exemption.  *Memorandum Decision after Trial on Contested Matter of the*

14   *Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed Homestead Exemption in*

15   *Real Property Located at 329 Hawaiian Avenue, Wilmington, CA,* ECF 203 at 9.  Thus,

16   the assets of Debtor's business, Long Beach Realty, Inc., are cash consisting of $1,110

17   in a bank account and $44,303 in sales commissions.  On Debtor's amended Schedule

18   C-Property Claimed as Exempt, he claims as exempt the amount of $7,625 in the assets

19   of Long Beach Realty, Inc., now reduced to cash, under the "tools of the trade" exemption

20   under C.C.P. § 704.060(a)(1).  *Summary of Amended Schedules, Master Mailing List*

21   *and/or Statements [LBR 1007-1(c)]* at *Schedule C-Property Claimed as Exempt*, ECF 85-

22   1 at 7.

23    In Trustee's Motion, he reasserts the same arguments made in his first motion

24   objecting to Debtor's claimed exemptions, including to the same amount of $7,625 in the

25   real estate commissions as "tools of the trade" under a parallel provision in the California

26   Code of Civil Procedure, C.C.P. § 703.140(b)(6) and that the court should deny the newly

27   claimed exemption under C.C.P. § 704.060(a)(1) in the same amount of real estate

28
3

1  commissions for the same reasons as previously ruled on in his prior motion.  ECF 96 at

2  12.  On Trustee's prior motion, the parties had fully briefed the issue of whether cash may

3  be considered exempt "tools of the trade" under C.C.P. § 703.140(b)(6) in their respective

4  pleadings.  *Motion by the Chapter 7 Trustee Objecting to Debtor's Claimed Exemption for*

5  *Certain Personal Property Assets; Memorandum of Points and Authorities; Declaration of*

6  *Brett B. Curlee in Support thereof,* ECF 48, filed on February 11, 2016; *Debtor's*

7  *Opposition to the Trustee's Motion Objecting to the Debtor's Exemption in Personal*

8  *Property,* ECF 57, filed on February 23, 2016; *Trustee's Reply to the Debtor's Opposition*

9  *to the Motion by the Chapter 7 Trustee Objecting to Debtor's Claimed Exemption for*

10  *Certain Personal Property Assets; Memorandum of Points and Authorities; Supplemental*

11  *Declaration of Brett B. Curlee in Support thereof,* ECF 60, filed on March 1, 2016.  After

12  considering this briefing and the arguments of the parties at the hearing on the prior

13  motion on March 8, 2016, the court entered its findings of fact and conclusions of law and

14  order thereon granting the prior motion in part and denying it in part, which sustained

15  Trustee's objection to Debtor's claimed "tools of the trade" exemption for the real estate

16  commissions under C.C.P. § 730.140(b)(6).  *Order on Chapter 7 Trustee's Motion*

17  *Objecting to Debtor's Claimed Exemption for Certain Personal Property Assets;* ECF 118,

18  filed and entered on July 12, 2016; *Findings of Fact and Conclusions of Law re: Motion*

19  *by the Chapter 7 Trustee Objecting to Debtor's Claimed Exemption for Certain Personal*

20  *Property Assets;* ECF 119, filed and entered on July 12, 2016, *reprinted in, In re*

21  *Gonzalez,* 2016 WL 3910323 (Bankr. C.D. Cal. 2016)(copy attached hereto).

22       In considering the issue of whether Debtor may claim an exemption in cash, the

23  real estate sales commissions, as "tools of the trade" under the parallel provision of

24  C.C.P. § 704.060(a), the court determines that the same analysis applies as for the "tools

25  of trade" exemption of C.C.P. § 730.140(b)(6) as set forth in the court's prior decision.

26

27

28

*Findings of Fact and Conclusions of Law re: Motion by the Chapter 7 Trustee Objecting*

*to Debtor's Claimed Exemption for Certain Personal Property Assets;* ECF 119, filed and

entered on July 12, 2016.

By separate memorandum decision and order, the court has determined for the

same reasons the court already decided in its Findings of Facts and Conclusions of Law

and Order concurrently entered on July 12, 2016, ECF 119 and 118 respectively, Debtor

is not entitled to exempt $7,625 in the cash assets of Long Beach Realty, Inc. under

C.C.P. § 704.060(a)(1) ("tools of the trade" exemption).   As in C.C.P. § 703.140(b)(6),

C.C.P. § 704.060(a)(1)  provides an exemption for "tools of the trade," which are stated in

the following manner in the latter:  "Tools, implements, instruments, materials, uniforms,

furnishings, books, equipment, one commercial motor vehicle, one vessel, and other

personal property."  As stated in more detail in the court's reasoning for its decision on

Debtor's claim for exemption of "tools of the trade" under C.C.P. § 703.140(b)(6), the

plain meaning of the "tools of the trade" exemption statutes was to allow an exemption

only in "Those tools, equipment, and other items of tangible property which are

reasonably necessary and actually used by a debtor in pursuing his livelihood." *Findings*

*of Fact and Conclusions of Law re: Motion by the Chapter 7 Trustee Objecting to*

*Debtor's Claimed Exemption for Certain Personal Property Assets,* ECF 119, filed and

entered on July 12, 2016, at 6-7, *citing, C.F. Nielsen, Inc. v. Stern*, 11 Cal.App.4th Supp.

22, 24-25 (1992).   In contrast, money is a medium of exchange and should not be

exempt under the "tools of the trade" exemption statutes, such as C.C.P. § 704.060

because it is not a physical or tangible item of personal property like a tool, utensil or

piece of equipment reasonably necessary and actually used in a trade.  *Findings of Fact*

*and Conclusions of Law re: Motion by the Chapter 7 Trustee Objecting to Debtor's*

*Claimed Exemption for Certain Personal Property Assets,* ECF 119, filed and entered on

July 12, 2016, at 7, *citing inter alia, In re Oakley,* 344 F.3d 709, 710-714 (7th Cir. 2003).

5

1    The parties did not add anything to their briefing on the issue of whether cash may

2    be exempt under the "tools of the trade" on the instant Motion under C.C.P. §

3    704.060(a)(1) as opposed to the prior motion under C.C.P. § 703.140(b)(6) as Trustee

4    reasserted his arguments from his prior motion and Debtor in his opposition to the instant

5    Motion only addressed the issue of the homestead exemption under C.C.P. § 704.730

6    and did not specifically address the "tools of the trade" exemption under C.C.P.

7    §704.060(a)(1).   *Motion by the Chapter 7 Trustee Objecting to Debtor's Claimed*

8    *Exemption for Certain Personal Property Assets; Memorandum of Points and Authorities;*

9    *Declaration of Brett B. Curlee in Support thereof,* ECF 48, filed on February 11, 2016;

10    *Debtor's Opposition to the Trustee's Motion Objecting to the Debtor's Exemption in*

11    *Personal Property,* ECF 57, filed on February 23, 2016.

12    In reviewing the court's  reasoning on Debtor's prior claim of a "tools of the trade"

13    exemption under C.C.P. § 703.140(b)(6), the court sees no distinction in the analysis as

14    to Debtor's current claim of a "tools of the trade" exemption under C.C.P. § 704.060(a)(1),

15    and therefore, the court grants Trustee's Motion objecting to Debtor's claimed "tools of

16    the trade" exemption under C.C.P. § 704.060(a) and disallows this claimed exemption

17    based on its prior reasoning in its prior decision as stated in Findings of Fact and

18    Conclusions of Law re: Motion by the Chapter 7 Trustee Objecting to Debtor's Claimed

19    Exemption for Certain Personal Property Assets, ECF 119, filed and entered on July 12,

20    ///

21    ///

22

23

24

25

26

27

28
                                        6

1  2016, which it incorporates by reference (see also copy of decision attached hereto as

2  set forth in Westlaw format).

3        A separate order is being filed and entered concurrently herewith.

4        IT IS SO ORDERED.

5                                            ###

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  Date: June 27, 2017

24  _____
    Robert Kwan
    United States Bankruptcy Judge

25

26

27

28
                                   7

2016 WL 3910323
Only the Westlaw citation is currently available.
***NOT FOR PUBLICATION***
United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

In re: Arturo Gonzalez, an individual,
dba Long Beach Realty, Inc., dba South
Bay Realty; dba Mindset, aka Art
Gonzalez; aka Art Gonzalez, Jr., Debtor.

Case No.: 2:15–bk–25283 RK
|
Date: March 8, 2016, Time: 2:30 p.m., Place:
Courtroom 1675, Roybal Federal Building, 255
E. Temple Street, Los Angeles, CA 90012–3300
|
Signed July 12, 2016

**Attorneys and Law Firms**

Anerio V. Altman, Lake Forest Bankruptcy, Laguna
Hills, CA, for Debtor.

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE: MOTION BY THE CHAPTER
7 TRUSTEE OBJECTING TO THE
DEBTOR'S CLAIMED EXEMPTION FOR
CERTAIN PERSONAL PROPERTY ASSETS

Robert Kwan, United States Bankruptcy Judge

 **\*1** The "Motion by the Chapter 7 Trustee Objecting
to the Debtor's Claimed Exemption for Certain Personal
Property Assets" ("Motion") came on for hearing before
the undersigned United States Bankruptcy Judge on
March 8, 2016. The Movant and Chapter 7 Trustee,
Wesley H. Avery ("Trustee"), was represented at the
hearing on the Motion by Brett B. Curlee of the Law
Offices of Brett Curlee. The Respondent and Debtor,
Arturo Gonzalez ("Debtor"), was represented by Anerio
V. Altman, of the law firm of Lake Forest Bankruptcy.

Having considered the Motion, Document No. 48 on
the docket of this case, the Request for Judicial Notice
("RJN") in Support of the Motion, Document No. 50 on
the case docket, the Debtor's Opposition to the Motion

("Opposition"), Document No. 57 on the case docket,
and the Trustee's Reply to the Opposition ("Reply"),
Document No. 60 on the case docket, and the declarations
and documentary evidence submitted in support of and
in opposition to the Motion, and having heard the oral
arguments of Counsel at the time of the hearing on the
Motion, and that there was no objection to the evidence
submitted in support of the Motion or in Opposition to
the Motion, the court hereby makes the following findings
of fact and conclusions of law pursuant to Rule 7052 of
the Federal Rules of Bankruptcy Procedure and Rule 52
of the Federal Rules of Civil Procedure:

*FINDINGS OF FACT*

1. On October 5, 2015, the Debtor filed his petition for
relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C,
commencing this bankruptcy case, *In re Arturo Gonzalez,
dba Long Beach Realty, Inc.; dba South Bay Realty; dba
Mindset; aka Art Gonzalez; aka Art Gonzalez, Jr.,* No.
2:15–bk–25283 RN ("Bankruptcy Case" or "Estate").
RJN, Ex. 1 at 6–8.

2. According to the Debtor, he has been involved in
Real Estate over the last ten years and has been involved
in hundreds of real estate transactions. Declaration
of Arturo Gonzalez in Support of the Opposition
("Gonzalez Decl.") at 2:5–18. On his original "Schedule
B–Personal Property" to his bankruptcy petition, the
Debtor listed his business, Long Beach Realty, Inc. and
its assets, as Estate assets, including a bank account of
$1,100.00, accounts receivable of $9,500.00, and business
equipment valued at $400.00. RJN, Ex. 1 at 10.

3. On February 4, 2016, Amended Schedules "B" and
"C" ("Second Amended Schedules") were filed. RJN, Ex.
3 at 26–32. In Second Amended Schedule "C," Debtor
claimed C.C.P. § 703.140(b)(5) and (b)(1) exemptions
totaling $26,925.00, including, cash on hand at the
time of bankruptcy of $1,500.00, a Bank of California
Checking Account valued at $800.00, and a $21,125.00
exemption in the value of Long Beach Realty, Inc.'s assets,
including Commissions totaling $44,303.00, $1,100.00 in
Long Beach Realty Inc.'s bank account, and $400.00 for
business equipment. RJN, Ex. 3 at 26–32. The Debtor
claimed a C.C.P. § 703.140(b)(5) exemption of $2,500.00
in value in the Trademark "Mindset," and $1,000.00
in the value of some business inventory from a prior

business venture. RJN, Ex. 3 at 29. In addition to C.C.P. § 703.140(b)(5) exemptions of $21,125.00 in the value of Long Beach Realty Inc.'s assets, the Debtor claimed an exemption under C.C.P. § 703.140(b)(6) of $7,625.00 in Long Beach Realty, Inc. for a total of $28,750.00 in exemptions in Long Beach Realty and its assets. RJN, Ex. 3 at 31–32.

 **\*2**  4. Based on the hearing held February 19, 2016 on the Trustee's Motion for Preliminary Injunction and Turnover in the related adversary action, *Wesley H. Avery, as Chapter 7 Trustee for the Bankruptcy Estate of Arturo Gonzalez v. Arturo Gonzalez, dba Long Beach Realty, Inc.; dba South Bay Realty; dba Mindset; aka Art Gonzalez; aka Art Gonzalez, Jr.,* Adv. Case No. 2:16–ap–01037–RK ("Related Action"), and the Court's order entered thereon ("Turnover Order"), document No. 19 on the case docket, which is Exhibit "4" to the Trustee's Reply, this court previously found that the amount of the Commissions in dispute is $44,804.00. [Reply, Supplemental Declaration of Brett Curlee ("Supp. Curlee Decl."), ¶ 3 and Ex. 4 to Reply. The accounting provided by the Debtor to the Trustee of Commissions received, attached as Exhibit "5" to the Reply likewise shows the pre-petition Commissions that funded post-petition total $44,804.00. Curlee Supp. Decl., ¶ 4, and Ex. 5 to Reply.

5. The Debtor and the Trustee agreed on the record at the hearing on the Trustee's Motion for Preliminary Injunction and Turnover that the Trustee does not dispute the Debtor's claimed exemption in the Commissions in the amount of $20,200.00 and the Debtor does not dispute that the amount of $16,054.00 of the Commissions are non-exempt and belong to the Estate. Reply, Curlee Supp. Decl., ¶ 2 and 3, and Ex. 4 to Reply. Thus, at the hearing on the Motion, the Debtor and the Trustee agreed the remaining amount of Commissions whose exempt status is still in dispute was the balance of $8,550.00 ("Disputed Commissions"). Pursuant to the court's Turnover Order, Debtor's attorney is holding the Disputed Commissions of $8,550.00 pending resolution of the Motion. Reply, Supp. Curlee Decl., ¶¶ 2 and 3 and Ex. 4 to Reply.

6. The Debtor and the Trustee both agreed on the record at the hearing on the Motion that the primary issue remaining before this Court on the Motion is whether the Debtor can exempt all $8,550.00 of the Disputed Commissions under C.C.P. § 703.140(b)(6) as

"implements, professional books, or tools of the trade of the debtor...." The Trustee disputes Debtor's claimed exemption, and he contends that none of the Disputed Commissions are exempt under C.C.P. § 703.140(b)(6) and that all of these Commissions must be turned over to the Trustee. This issue is a legal issue which the court discusses and resolves in the Conclusions of Law set forth below.

7. There is a relatively minor factual issue raised by the Debtor in the Opposition, who argues that the amount of funds in Long Beach Realty, Inc.'s bank account as stated in Second Amended Schedules "B" and "C" of $1,100.00 was in error. The Debtor in his Opposition contends that the account held $379.62 in available funds on the date of bankruptcy, not $1,100.00, thus making the value of Long Beach Realty, Inc.'s total assets $45,082.62, not $45,803.00. Opposition at 6:4. Debtor argues that thus, he can claim a further exemption of $720.38 under C.C.P. § 703.140(b)(5) and (b)(1) for a total of $20,920.38 in total exempt Commissions under C.C.P. § 703.140(b)(5) and (b)(1). The Debtor did not provide any testimony or documentary evidence with the Opposition in support of this argument to demonstrate his claim to an additional exemption of $720.38 under C.C.P. § 703.140(b)(5) and (b)(1) in the Disputed Commissions. Specifically, Long Beach Realty, Inc.'s Banc of California bank statement for the period 10/01/2015 to 10/30/2015 was produced to the Trustee by the Debtor on February 11, 2016 and is attached as part of Exhibit "5" to the Reply. Reply, Supp. Curlee Decl., ¶ 4, and Ex. 5 to Reply. This bank statement shows that the Debtor deposited checks totaling $3,910.00 on October 5, 2015 and that the daily balance in that account on that date was $1,480.78. Reply, Supp. Curlee Decl., ¶ 4, and Ex. 5 to Reply. Accordingly, based on this uncontroverted evidence, the court finds that there was at least $1,100.00 in cash or cash equivalent assets in Long Beach Realty Inc.'s bank account on the date of bankruptcy and therefore, there is no factual basis to claim a greater exemption in the Commissions based on a lower balance in the Long Beach Realty bank account than as stated on the schedules.

### CONCLUSIONS OF LAW

 **\*3**  1. To obtain a fresh start, the Bankruptcy Code allows a debtor to exempt from the estate limited interests in certain kinds of property. *Clark v. Rameker,* 134 S.Ct. 2242, 2244–2245 (2014) (citation omitted); *see also,*

*Schwab v. Reilly,* 560 U.S. 770, 791, 130 S.Ct. 2652, 2667 (2010). Under 11 U.S.C. § 522(b) and (d), a debtor is not entitled to exempt property itself, only an *interest* therein up to a specified dollar amount. *Schwab v. Reilly,* 560 U.S. at 791–792 (citation omitted).

2. The Bankruptcy Code provides a set of exemptions debtors may claim in lieu of exemptions they may claim under state law; however, the Bankruptcy Code specifically reserves to the states the right to opt-out of the Bankruptcy Code exemptions and to limit exemptions a debtor may claim to exemptions provided by state law. 11 U.S.C. § 522(b)(1) and (d); *In re Applebaum,* 422 B.R. 684, 688 (9th Cir. BAP2009). California is an opt-out state. C.C.P. § 703.140(a); C.C.P. § 703.140(b); C.C.P. § 704.010 et seq.; *In re Applebaum,* 422 B.R. at 688. The Debtor may only claim exemptions allowed by California law. *Id.*

3. A debtor in a bankruptcy case may choose between California bankruptcy-only exemptions in C.C.P. § 703.140(b) or the regular California non-bankruptcy state law exemptions in C.C.P. § 704.010 et seq. *See, In re Applebaum,* 422 B.R. at 688. The court finds the Debtor has elected and received the benefits of the California bankruptcy-only exemptions under C.C.P. § 703.140(b)(1) and (b)(5) in regards to Commissions totaling $20,200.00 and that the Trustee has received undisputed non-exempt Commissions belonging to the bankruptcy estate in the amount of $16,054.00.

4. As discussed below, the court denies the Debtor's exemption as to the Disputed Commissions in entirety because the funds representing the Disputed Commissions are not "tools of trade" within the meaning of the statute, C.C.P. § 703.140(b)(6). In his Opposition to the Motion, Debtor characterizes the Disputed Commissions as "liquidated capital," "business capital," "cash capital," or "operating capital" that the Debtor can use to run his business. Opposition at 2:9–14 and 4:16–24, Gonzalez Decl. at 2, ¶¶ 6 and 7 and 3, ¶ 9.

5. C.C.P. § 703.140(b)(6) states that a debtor may exempt the aggregate interest not exceeding $7,625.00 in value "in any implements, professional books, or tools of the trade of the debtor...." California statutory exemption statutes are generally interpreted in accordance with their plain meaning. *Kono v. Meeker,* 196 Cal.App.4th 81, 88 (2011). The express language of C.C.P. § 703.140(b)(6) only lists tangible items of personal property, i.e.,

implements, professional books and tools, and the statute does not list "working cash or capital" as a category of exempt property.

6. Thus, the court in *C.F. Neilsen, Inc. v. Stern,* based on the usual and ordinary meaning of the express language of the statute, C.C.P. § 703.140(b)(6) and the relevant case law, the same case law cited by the Debtor and discussed below, held that exempt property under this statute only included "those tools, equipment, and other items of tangible property which are reasonably necessary and actually used by a judgment debtor in pursuing his livelihood." *C.F. Neilsen, Inc. v. Stern,* 11 Cal.App.4th Supp. 22, 24–25 (1992)(holding that funds in a lawyer's business banking account are not exempt tools of trade under C.C.P. § 704.060(a)). The plain meaning of the statute allows an exemption only in: "Those tools, equipment, and other items of tangible property which are reasonably necessary and actually used by a debtor in the pursuing his livelihood." *C.F. Neilsen, Inc. v. Stern,* 11 Cal.App.4th Supp. at 25; *see also, Kono v. Meeker,* 196 Cal.App.4th at 84–85 (inventory is not a "tool of the trade" under C.C.P. § 704.060 because the statutory intent is to protect basic tools and utensils necessary to aid the debtor in continuing his means of livelihood.) Money is a medium of exchange and should not be exempt under C.C.P. § 704.060 because it is not a physical or tangible item of personal property like a tool, utensil or piece of equipment reasonably necessary and actually used in a trade. *See also, In re Oakley,* 344 F.3d 709, 710–714 (7th Cir.2003)(cash as financial asset was an "intangible" in the nature of reserves having "exchange value" and not protected by an exemption of $4,000 under Indiana law for a debtor's tangible property that a person needs to survive as a self-respecting citizen, i.e., debtor's clothes, dishes, towels, toilet paper, appliances, work tools and furniture, as that would make it impossible for the debtor to function); *In re Hokulani Square, Inc.,* 460 B.R. 763, 769–771 (9th Cir. BAP2011)(discussing money as "medium of exchange" which is according to dictionary definitions "commonly accepted in exchange for goods and services" or "used in transactions in a trading system").

**\*4** 7. The Debtor cited several cases for the proposition that "capital" constitutes a tool of the trade, but the court determines that these cases cited do not support the conclusion that the Disputed Commissions may be exempted under C.C.P. § 703.140(b)(6). *In re Peterson,* 95 F. 417, 419 (N.D.Cal.1899)(a debtor is entitled to exempt

baking implements he and his journeymen assistants use to carry on the business of a baker); *In re McManus,* 87 Cal. 292, 293–294 (1890)(a safe used by a jeweler in his watch repair business is an exempt tool of the trade.); *Sun Limited v. Casey,* 96 Cal.App.3d 38, 40–42 (1979)(a real estate agent may claim as exempt an automobile used as a tool of her trade); *In re Garcia,* 451 B.R. 909 (C.D.Cal.2011)(a real estate agent is not precluded as a matter of law from claiming as exempt her vehicle used as a tool of her trade, even though it is a "luxury" vehicle); *Lopp v. Lopp,* 198 Cal.App.2d 474, 477 (1961)(an auto mechanic may claim as exempt a pick-up truck used as a tool of his trade in the business of mounting and retreading tires); *Peebler v. Danziger,* 104 Cal.App.2d 490, 491 (1951)(a cemetery sexton may claim as exempt grave digging tools and lawn mowers used as tools of his trade). Many of these cases cited by the Debtor were also cited by the court in *C.F. Neilsen, Inc. v. Stern,* 11 Cal.App.4th Supp. at 24–25, and really support the holding in *C.F. Neilsen, Inc. v. Stern* that only tangible personal property reasonably necessary and actually used in a debtor's trade was exempt, and not cash, which is a medium of exchange. *See, In re Oakley, supra.*

8. The court in *C.F. Neilsen, Inc. v. Stern,* the Appellate Department for the Los Angeles County Superior Court, affirmed the trial court's ruling that the funds in the appellant's business bank account were not exempt under C.C.P. § 704.060(a)(1) and (3). 11 Cal.App.4th Supp. 22, 23–24 (1992). In 1992, at the time the case was decided, C.C.P. § 704.060(a)(1) and (3) read as follows:

(a) Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:

(1) Two thousand five hundred dollars ($2,500), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business or profession by which the judgment debtor earns a livelihood ...

(2) Five thousand dollars ($5,000), if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgment debtor in the exercise of the same trade, business, or profession by which both earn a livelihood.

C.C.P. § 704.060 (1982), *available at,* http:// clerk.assembly.ca.gov/sites/clerk.assembly.ca.gov/files/ archive/Statutes/1982/82Vol4.pdf (Ch. 1364) at 5155 (amended 1995, 2003, 2013 and 2016).

In affirming the trial court's decision, which found that the appellant could not claim C.C.P. § 704.060(a)(1) and (3) exemptions in his business bank account, the court in *C.F. Neilsen, Inc. v. Stern* relied on the plain meaning of the statue and stated the following:

> [t]he usual and ordinary meaning of the above quoted language and the relevant case law pertaining to personal property exemptions indicate subdivisions (a)(1) and (a) (3) of Code of Civil Procedure section 704.060 were intended to protect *only those tools, equipment, and other items of tangible property* which are reasonably necessary and actually used by a judgment debtor in pursuing his livelihood.

*C.F. Neilsen, Inc. v. Stern*, 11 Cal.App.4th Supp. at 25 (emphasis added).

Although *C.F. Neilsen, Inc. v. Stern* dealt with C.C.P. § 704.060 while the present matter deals with C.C.P. § 703.140, the case is instructive because at the time that it was decided, the language of C.C.P. §§ 703.140 and 704.060 were similar, the present operative language of C.C.P. § 703.140 is the same today as it was when *C.F. Neilsen, Inc. v. Stern* was decided, and therefore, the plain meaning interpretation that the court applied in *C.F. Neilsen, Inc. v. Stern* would apply to C.C.P. § 703.140 today absent any intervening changes in legislative intent or case law.

**\*5** That is, in 1992, when *C.F. Neilsen, Inc. v. Stern* was decided, C.C.P. § 703.140, in pertinent part, read as follows:

> (b) The following exemptions may be elected as provided in subdivision (a) ... (6) The debtor's aggregate interest, not to exceed seven hundred fifty dollars ($750) in value, in any implements,

professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

C.C.P. § 703.140 (1984), *available at,* http://clerk.assembly.ca.gov/sites/clerk.assembly.ca.gov/files/archive/Statutes/1984/84Vol1_Chapters.pdf (Ch. 218) at 692–694 (amended 1993, 1995, 2000, 2001, 2003, 2012 and 2016). Thus, in 1992, both C.C.P. §§ 703.140 and 704.060 dealt with a debtor's "tools of trade." Further, today, although the exemption amount under C.C.P. § 703.140 has changed, the operative language of the statute is the exact same. *See* California Code of Civil Procedure § 703.140 (2013)(although the statute was changed to increase the exemption amount in 2016, because the present case was filed in 2015, the 2013 version of the statute applies). Moreover, in its research, the court has not found any contrary legislative history or intervening case law that would alter how the court should interpret and apply the statute. Based thereupon, the court determines that like in *C.F. Neilsen, Inc. v. Stern,* where the court held that based on the plain meaning of C.C.P. § 704.060, that statute was "intended to protect *only those tools, equipment, and other items of tangible property* which are reasonably necessary and actually used by a judgment debtor in pursuing his livelihood" and not a business bank account, the plain meaning of C.C.P. § 703.140 today is such that the statute is also only intended to protect those implements, professional books and tools of the trade of the debtor, and not commissions in the Debtor's business bank account.

9. The difference between an exempt tool of the trade and something else was explained in *Kono v. Meeker,* where the debtors attempted to exempt "inventory" as tools necessary to their trade. 196 Cal.App.4th at 88–89. The *Kono* court explained that the debtors do not use their "inventory" in the same way a jeweler uses his safe in conducting his business (*citing, McManus,* 87 Cal. at 293–294) or the way a traveling tire repairman uses his truck (*citing, Lopp,* 198 Cal.App.2d at 477). *Kono v. Meeker,* 196 Cal.App.4th at 89. If a debtor has a special knowledge or occupation, the tools necessarily used in that occupation are exempt. *Id.* at 89, *citing, In re Vigil,* 101 B.R. 189, 190–191 (Bankr.N.D.Cal.1989). In other words, the "tools of the trade" are physical tools or implements immediately needed to be used by a debtor in the practice of his trade, not the cash or capital necessary to fund a business as Debtor argues. *Id.* at 88 ("Historically, the tools and materials exempted

from execution under section 704.060 and its predecessor statute were the 'utensils and implements' owned and actually used by a debtor tradesman in exercising the trade, business or profession by which he earns a living, or the utensils and implements owned by a debtor in the 'business' of the trade who employed others to assist him in doing the work."), *citing, In re Petersen,* 95 F. at 419. The Debtor has failed to show how the Commissions which are financial assets are physical "tools" or "implements" that are reasonably necessary and actually used by him in his trade as a real estate broker to qualify as exempt under C.C.P. § 703.140(b)(6). *Lopp v. Lopp,* 198 Cal.App.2d at 476–477.

**\*6** 10. The Debtor is attempting to claim the Disputed Commissions which have been reduced to cash as an exempt tool of the trade to fund his business like the debtor in *C.F. Neilsen, Inc. v. Stern,* and the Debtor here wants to use the Commission funds to pay office expenses and for any purpose. Opposition, Gonzalez Decl. at 2:12–27 and 3:3–11. Following the ruling of the court in *C.F. Neilsen, Inc. v. Stern,* the court determines that cash is not a tool or equipment used in the Debtor's trade or profession to qualify for the exemption under C.C.P. § 703.140(b)(6).

11. Accordingly, for the foregoing reasons, the court makes the following rulings:

> A. The court denies the Debtor's claimed exemption in the Disputed Commissions under C.C.P. § 703.140(b)(6).

> B. The court limits the Debtor's exemption in Long Beach Realty, Inc. under C.C.P. § 703.140(b)(6) to $400.00 in the business equipment of Long Beach Realty, Inc.

> C. The court denies the Debtor's claimed exemption under C.C.P. § 703.140(b)(1) and (b)(5) in the additional amount of $720.38 in the Disputed Commissions.

> D. The court limits the Debtor's exemption in the Commissions, which are valued at $44,804.00, to $20,200.00 under C.C.P. § 703.140(b)(5) and (b)(1). The balance of the Commissions totaling $24,604.00 are nonexempt assets of the bankruptcy estate.

> E. The Debtor is required to turn over to the Trustee the $8,550.00 in Disputed Commissions that the attorney

for the Debtor is currently holding pursuant to the Turnover Order in the Related Action.

A separate order granting the Motion in conformity with these Findings of Facts and Conclusions of Law is being entered concurrently herewith.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2016 WL 3910323

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.