FILED & ENTERED

MAR 29 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON DEBTOR'S MOTIONS ATTACKING GOOD FAITH PURCHASER CLAUSE OF PURCHASER FOR 329 HAWAIIAN AVE., WILMINGTON CALIFORNIA AND RECONSIDERATION OF MOTIONS TO SELL AND RECONSIDERATION OF MOTION TO CONVERT TO A CHAPTER 13**<br><br>Date:　　　October 2, 2018<br>Time:　　　2:30 p.m.<br>Courtroom:　1675 |

　　　Debtor Arturo Gonzalez ("Debtor") filed two motions both called "Motion Attacking Good Faith Purchaser Clause of Purchaser for 329 Hawaiian Ave., Wilmington California and Reconsideration of Motions to Sell and Reconsideration of Motion to Convert to a Chapter 13" ("motions") (Docket No. 319 and Docket No. 321).  Debtor filed the first motion (Docket No. 319) on July 9, 2018 and the second motion (Docket No. 321) on July 11, 2018.  The motions appear to be identical because it looks like the second motion is a duplicate of the first motion, both having the same signature and

-1-

date in Debtor's handwriting.  The motions were heard before this court on October 2, 2018.  Brett B. Curlee, of the Law Offices of Brett Curlee, appeared on behalf of the Chapter 7 Trustee Wesley H. Avery ("Trustee").  Debtor appeared and represented himself.  Having reviewed the motions, and the opposition ("opposition") (Docket No. 339) filed by Trustee and Debtor's response to the opposition ("reply") (Docket No. 349), the court denies the motions based on the following reasons.

Federal Rule of Bankruptcy Procedure 9024 allows the court to grant relief from a judgment or final order and makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases.   Debtor cited to Federal Rule of Bankruptcy Procedure 9024, as well as "Rule 60b(5)(6)" and "Rule 60(b)(5)(d)(1)(2)" to support the motions for reconsideration.  The court interprets "Rule 60b(5)(6)" as Debtor's legal argument for reconsideration pursuant to Rule 60(b)(5) and Rule 60(b)(6) of the Federal Rules of Civil Procedure.  "Rule 60(b)(5)(d)(1)(2)" is not the proper numbering for a Federal Rule of Civil Procedure, which is apparently collapsing together various subprovisions of Rule 60 and thus, the court will attempt to address the various subprovisions as if separately stated.  Debtor also cites to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b) in support of his motions for reconsideration.

By his motions, Debtor seeks reconsideration of least two orders of the court.  The caption of the motions refers to Trustee's motion for sale and Debtor's motion to convert to Chapter 13.  On July 19, 2016, the court entered a Memorandum Decision and Order Denying Debtor's Motion to Convert Case ("conversion order") (Docket No. 127).  On July 29, 2016, the court entered an Order After Hearing on Motion by Chapter 7 Trustee to Approve (1) Real Property Sale (329 Hawaiian Avenue, Wilmington, CA 90744) Free and Clear of Liens and Interests; (2) Overbid Procedure; (3) Real Estate Agent Compensation; (4) Directing Turnover of Real Property; and (5) Distribution of Sale Proceeds ("sale order") (Docket No. 135).  Trustee's opposition includes a copy of the sale order and the conversion order.  *See* Opposition of the Chapter 7 Trustee to the Motion Attacking Good Faith Purchaser Clause of Purchaser for 329 Hawaiian Ave.,

Wilmington California and Reconsideration of Motions to Sell and Reconsideration of Motion to Convert to a Chapter 13 (Docket Numbers 319 and 321), Exhibits J and K, Docket No. 339.  Debtor's motions included a copy of the sale order.  *See* Debtor's Motions, Exhibit 9, Docket Nos. 319 and 321.  It appears Debtor is requesting that the court reconsider the entry of the conversion order and the sale order, as well as, the good faith purchaser element of the sale order.

Federal Rule of Bankruptcy Procedure 9024 applies Federal Rule of Civil Procedure 60(b).  Under Rule 60(b), a party may be relieved from a final judgment or order for the following reasons:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Federal Rules of Civil Procedure 60(b)(2)-(3) and (5)-(6).

"It has generally been held that a Rule 60(b) motion, at least in the context of bankruptcy cases, is an extraordinary remedy and that the grant or denial of such motion may be reviewed only for an abuse of discretion."  10 Levin and Sommer, Collier on Bankruptcy, ¶9024.05 at 9024-7 (16th ed. 2018).  In general, the burden of proof is on the party bringing a Rule 60(b) motion.  *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).  As discussed herein, Debtor has not met his burden of proof of demonstrating legally sufficient grounds and evidence to support the motions for reconsideration.

"A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Federal Rule of Civil Procedure 60(c)(1).  "What

constitutes reasonable time 'depends on the facts of each case.'" *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (quoting *United States v. Holtzman,* 762 F.2d 720, 725 (9th Cir. 1985)).  Considerations are whether a party is prejudiced by the delay and whether movant had a good reason for failing to take action sooner.  *Id*.

<u>Debtor does not offer newly discovered evidence to warrant relief under Federal Rule of Civil Procedure 60(b)(2), and his motions are untimely.</u>

Although Debtor did not specifically cite to Federal Rule of Civil Procedure 60(b)(2), Debtor implies that there is newly discovered evidence to support reconsideration when he states in his motions that he "now sees facts and findings of [l]aw much different than previously concluded."  Motions, page 1, lines 24–25.  Debtor's new view of the facts does not constitute newly discovered evidence for the court to warrant reconsideration of its prior orders.

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc*., 833 F.2d 208, 211 (9th Cir.1987)).

Debtor argues that Robert Carlos Farfan ("buyer"), the purchaser of real property located at 329 Hawaiian Avenue, Wilmington, California  90774 ("Wilmington property"), and various agents committed fraud because the buyer was not qualified to obtain a loan to buy the Wilmington property.  However, Debtor's so-called newly discovered evidence in support of his motions is insufficient to show that the buyer and various agents committed fraud that the buyer was allegedly not qualified to obtain a loan.  The fact of the matter is that the buyer had the means to purchase the property, and the sale

closed. There was no fraud on the estate because the estate received full payment for the sales price. Thus, Debtor has not offered newly discovered evidence of new facts relating to the buyer's alleged fraud that would likely change the disposition of the sale order or the conversion order.

Debtor also argues that there is newly discovered evidence that Trustee breached his fiduciary duty under 11 U.S.C. § 704(a)(5) to examine and object to proofs of claims. However, Debtor's so-called newly discovered evidence in support of Debtor's motions is insufficient to show that Trustee breached any fiduciary duty, and thus, Debtor has not offered newly discovered evidence of new facts relating to Trustee's administration of the estate in this case that would likely change the disposition of the sale order or the conversion order.

Furthermore, to the extent that Debtor's motions for reconsideration are under Federal Rule of Civil Procedure 60(b)(2), they are untimely. A motion pursuant to Federal Rule of Civil Procedure 60(b)(2) must be made within one year of entry of the order. *See* Federal Rule of Civil Procedure 60(c)(1). The court entered the sale order and the conversion order in July 2016, and Debtor filed the instant motions in July 2018, and thus, he did not file the motions for reconsideration within a year as required for a Rule 60(b)(2) motion.

Thus, the court denies Debtor's motions for reconsideration based on newly discovered evidence because Debtor has not shown that there is any newly discovered evidence that would warrant relief from its prior orders and his motions are untimely.

<u>Debtor offers insufficient evidence of fraud or other misconduct by an opposing party to support a claim under Federal Rule of Civil Procedure 60(b)(3), and his motions are untimely.</u>

In his motions for reconsideration, Debtor argues there was fraud on the court. Under Federal Rule of Civil Procedure 60(b)(3), a party may be relieved from a final order or judgment on the grounds of "fraud ... misrepresentation, or other misconduct by an opposing party." "To prevail, the moving party must prove by clear and convincing

evidence that the [order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir.2000). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir.1987)).

Debtor argues that the buyer of the Wilmington property and various agents committed fraud because the buyer was not qualified to obtain a loan to buy the Wilmington property. However, the motions do not provide sufficient evidence for the court to find that Debtor has shown by clear and convincing evidence that the buyer, or any party related to the transaction, committed a fraud upon the court that the buyer was not a good faith purchaser on grounds that the buyer should not have qualified for a loan because the alleged fact that the property presented a "cancer risk" was not disclosed in a second loan appraisal resulting in an allegedly illegal loan to the buyer. Debtor's evidence does not substantiate his factual allegation that the property was misappraised due to a purported "cancer risk" to show that the buyer fraudulently obtained a loan based on an erroneous loan appraisal. As far as the impact on the case, the fact remained that the buyer obtained a loan and closed the sales transaction approved by the order approving Trustee's motion to approve sale, and Debtor offered no direct evidence in support of his reconsideration motions that there was anything wrong with what the buyer did. Because the evidence in support of Debtor's motions is not clear and convincing that the buyer and various agents committed fraud, Debtor has not shown that he was prevented from fully and fairly presenting a defense due to fraud, misrepresentation or other misconduct by the buyer and various agents.

Moreover, to the extent that, Debtor's motions for reconsideration based on fraud or misconduct by a party are considered under Federal Rule of Civil Procedure 60(b)(3), they are untimely. A motion under Rule 60(b)(3) must be made no more than one year after entry of the judgment or order. Federal Rule of Civil Procedure 60(c)(1). The

court entered the sale order and the conversion order in July 2016, and Debtor filed his reconsideration motions in July 2018. Because Debtor's motions were filed more than a year after the relevant orders, they are too late for reconsideration pursuant to Rule 60(b)(3).

<u>Debtor has not shown that the orders are void under Federal Rule of Civil Procedure 60(b)(4), and his motions were not filed within a reasonable time.</u>

"A final judgment is 'void' for purposes of Federal Rule of Civil Procedure 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). The judgment is not void merely because it is erroneous. *Id*.; *see also, United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A Rule 60(b)(4) motion is not a substitute for a timely appeal. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. at 270. Courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for exceptional cases in which the court that rendered judgment lacked even an arguable basis for jurisdiction. *Id*. at 271. Here, Debtor has not offered any evidence to support a conclusion that the orders are void. Debtor has not made any argument that the court lacked jurisdiction or it acted in a manner inconsistent with due process of law. Debtor fully litigated the issues in this court on the issues of conversion and the sale of the Wilmington property. Debtor basically did not like the outcome of the sale order or the conversion order. Debtor's motions for reconsideration are not substitutes for a timely appeal. *See Id*. at 270.

Also, to the extent that Debtor's motions for reconsideration are considered under Rule 60(b)(4), they are untimely. The court entered the sale order and the conversion order in July 2016, and Debtor filed the motions for reconsideration in July 2018, waiting over two years to file these motions. Debtor does not adequately explain

why he did not file the motions sooner. Thus, Debtor's Rule 60(b)(4) motions should be denied they were not filed within a reasonable time as required by Federal Rule of Civil Procedure 60(c)(1).

<u>Debtor does not show that there are changes in factual conditions or in law that rendered the continued enforcement of the sale order or conversion order detrimental to public interest that warrant reconsideration under Federal Rule of Civil Procedure 60(b)(5), and his motions were not filed within a reasonable time.</u>

Debtor's motions for reconsideration do not show how the elements of Federal Rule of Civil Procedure 60(b)(5) are met. To apply Rule 60(b)(5), the court should consider whether the movant has met its initial burden of showing either a significant change in factual conditions or in law as prescribed in *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. at 384. In *Horne v. Flores*, 557 U.S. 433, 453 (2009), the Supreme Court stated: "It takes the original judgment as a given and asks only whether 'a significant change either in factual conditions or in law' renders continued enforcement of the judgement 'detrimental to public interest.'" *Id*., citing, *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. at 384. Here, the evidence in support of Debtor's motions do not meet his burden of showing any change in factual conditions or in law that renders the enforcement of the sale order or the conversion order detrimental to public interest.

Debtor argues that "The cases that change the facts and conclusions of law are Midland Funding vs. Johnson and In [r]e Lua." Motion, page 1, lines 26-27. These legal authorities do not change any of the facts or conclusions of law as to the orders for sale and on conversion, and Debtor's motions fail to explain and show how these cases change any legal conclusions for reconsideration of the sale order or the conversion order since those cases dealt with whether a creditor's proof of claim filed in a bankruptcy case based on a contractual claim beyond a state law statute of limitations to bring a collection suit violated the Fair Debt Collection Practices Act, *Midland Funding, LLC v. Johnson,* 137 S.Ct. 1407 (2017) and whether a bankruptcy debtor was

equitably estoppel from changing exemptions, *In re Lua,* 692 Fed. Appx. 851 (9th Cir. 2017) and did not change the law with the issues involved for the sale order and the conversion order of whether property may be sold out of the ordinary course in a bankruptcy case and whether Debtor may convert this Chapter 7 case to one under Chapter 13.

Moreover, Debtor's Rule 60(b)(5) motions were not made within a reasonable time. Motions under Federal Rule of Civil Procedure 60(b) must be made within a reasonable time. Federal Rule of Civil Procedure 60(c)(1). The court entered the sale order and the conversion order in July 2016. Debtor filed the motions for reconsideration in July 2018. Debtor waited two years to file the motions for reconsideration and does not adequately explain why the motions were not filed sooner.

<u>Debtor's motions do not demonstrate extraordinary circumstances to warrant relief under Federal Rule of Civil Procedure 60(b)(6), and his motions were not filed within a reasonable time.</u>

Federal Rule of Civil Procedure 60(b)(6) is used sparingly as an equitable remedy to prevent manifest injustice and is to be used only where extraordinary circumstances prevents a party from taking timely action to prevent or correct an erroneous judgment. *Fantasyland Video, Inc. v. Country of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007). In order for movant to obtain relief under Rule 60(b)(6), movant must show extraordinary circumstances justifying the reopening of a final judgment. *See Ackermann v. United States*, 340 U.S. 193, 199 (1950). In determining whether extraordinary circumstances are present, the court may consider "the risk of injustice to parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1998)).

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment provided the motion is made within a reasonable time and is not premised on the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg v. Health*

*Services Acquisition Corp.*, 486 U.S. at 863. In this case, Debtor failed to bring the motions for reconsideration within a reasonable time and has otherwise based his motion on grounds in Rule 60(b)(2), (b)(3), (b)(4) and (b)(5).

Based on the facts of this case, Debtor does not present any extraordinary circumstances that warrant relief from an order by his motions for reconsideration, which were not made within a reasonable time. *See* Federal Rule of Civil Procedure 60(c)(1). Debtor does not adequately explain why he waited two years before he asked for reconsideration of the sale order or conversion order. The motions are untimely.

In addition, because Debtor relies upon multiple sections of Rule 60(b) since he argues that he is entitled to relief pursuant to Rule 60(b)(2), (b)(3), (b)(4) and (b)(5), he is not entitled to request relief under Rule 60(b)(6).

### Debtor's motions lack sufficient legal grounds and evidence to support a claim for fraud on the court under Federal Rule of Civil Procedure 60(d)(3).

Debtor seeks reconsideration of the sale order and the conversion order based on Federal Rule of Civil Procedure 60(d)(3), which provides that Rule 60 does not limit the power of the court to "set aside a judgment for fraud on the court." The movant must show by clear and convincing evidence that a fraud was perpetrated on the court, "and it must consist of more than a garden-variety nondisclosure." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1181 (9th Cir. 2015) (citing *United States v. Estate of Stonehill*, 660 F.3d 415, 443, 445 (9th Cir. 2011)). The party seeking relief bears a high burden to prove fraud on the court, "which must involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Id*. at 1180 (quoting *Abatti v. Commissioner*, 859 F.2d 115, 118 (9th Cir. 1988)).

In his motions, Debtor has not met his burden of showing by clear and convincing evidence that there was fraud perpetrated on the court. Debtor fails to explain how Rule (d)(3) applies in this case. As discussed above, Debtor did not assert sufficient legal grounds and did not offer sufficient evidence to prove a claim of fraud on the court.

Debtor argues that buyer's alleged inability to qualify for a certain loan meant that the buyer did not qualify to purchase the Wilmington property and therefore there was fraud on the court. Debtor's assertion that the buyer's alleged inability to qualify for a loan does not prove fraud on the court because this is not shown by any direct evidence offered by Debtor in his papers. The facts are that the buyer purchased the Wilmington property and that the sale closed over two years ago. Debtor offers insufficient evidence to support his claim of an unconscionable plan or scheme to improperly influence the court in its decision to grant the sale motion or deny the motion to convert either by the buyer, anyone involved in the sale, or Trustee regarding his administration of the estate in this case.

<u>Debtor's motions for reconsideration of the sale motion is moot because the sale of the Wilmington property closed.</u>

In support of his motions for reconsideration of the sale order, Debtor argues that the buyer and various agents committed fraud because the buyer was not qualified to buy the Wilmington property. Debtor's argument is moot because the buyer purchased the Wilmington property pursuant to the court's order entered on July 29, 2016 approving the sale of the property purchased by the buyer, and the sale of the Wilmington property to the buyer closed on November 10, 2016. *See* Opposition, page 3, lines 19-20.

<u>The remainder of Debtor's arguments are factually and legally insufficient.</u>

In the motions, Debtor cited to Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b). Debtor also cited to Rule 60(d)(1) and (d)(2) without explanation, and thus, it is unclear how Debtor intended to apply these rules in the motions for reconsideration. No argument, evidence or legal authority is provided to support these citations. Accordingly, Debtor did not meet his burden of proof for reconsideration under these rules.

///

Conclusion

For the foregoing reasons, Debtor's motions for reconsideration will be denied. A separate final order consistent with this memorandum decision is being entered concurrently herewith.

IT IS SO ORDERED.

###

Date: March 29, 2019

Robert Kwan
United States Bankruptcy Judge