FILED & ENTERED

JUN 27 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                     Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**ORDER (1) DENYING DEBTOR'S MOTIONS TO REOPEN DISCOVERY AND IMPLEMENT THE STANDARD USED BY THE 9TH CIRCUIT IN THE HONORABLE JUDGE KWAN'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN THE FINAL DECISIONS IN THE HOMESTEAD MATTER AND (2) VACATING THE JULY 2, 2019 HEARING**<br><br>**Vacated Hearings**<br>Date:     July 2, 2019<br>Time:    2:30 p.m.<br>Courtroom: 1675 |

      On June 10, 2019, Debtor Arturo Gonzalez filed a pleading in this bankruptcy case entitled "Motion to Reopen Discovery" and "Motion to Implement the Standard Used by the 9th Circuit in the Honorable Judge Kwan's Findings of Facts and Conclusion of Law in the Final Decision in the Homestead Matter." Docket Number 401. On June 17, 2019, Debtor filed a duplicate pleading entitled "Motion to Reopen Discovery" and "Motion to Implement the Standard Used by the 9th Circuit in the

-1-

Honorable Judge Kwan's Findings of Facts and Conclusion of Law in the Final Decision in the Homestead Matter." Docket Number 406. There was no notice of motion for these Motions as required by Local Bankruptcy Rule 9013-1(c)(2). Chapter 7 Trustee Wesley H. Avery filed an opposition to the Motions on June 17, 2019. Docket Number 405. Having considered the Motions and the opposition, the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the Motions is not necessary, dispenses with it, vacates the hearings on the Motions, takes the Motions under submission and rules as follows.

Local Bankruptcy Rule 9013-1(c)(2) states:

> Every motion must be accompanied by written notice of motion specifying briefly the relief requested in the motion and, if applicable, the date, time, and place of hearing. Except as set forth in LBR 7056-1 with regard to motions for summary judgment or partial summary adjudication, or as otherwise ordered, the notice of motion must advise the opposing party that LBR 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing. If the motion is being heard on shortened notice pursuant to LBR 9076-1, the notice must specify the deadline for responses set by the court in the order approving the shortened notice.

There is a mandatory court form for a Notice of Motion, which is Form 9013-1.1.HEARING.NOTICE, which is available for viewing on the court's website.

Debtor did not use the mandatory court Notice of Motion form for the Motions. The court notes that even though the court's Notice of Motion form is mandatory for all motions before the court, many judges have not required the form if the equivalent information in the form and required by the rule is provided in the moving papers with a heading, "Notice of Motion." Debtor did not provide the equivalent information in the Motions.

Form 9013.1.1.HEARING.NOTICE provides for the following information in the caption of the form:

**NOTICE OF MOTION FOR:**
(*Specify name of Motion*)
DATE:
TIME:
COURTROOM:
PLACE:

Arguably, Debtor provided some of this information in the caption of the Motions, but the caption did not state there was a Notice of Motion, so the Motions are deficient and do not comply with the rule.

Form 9013.1.HEARING.NOTICE also includes the following text in the body of the form:

> 1.TO (*specify name*):
> _____
>
> 2.NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above- captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.
>
> 3.**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)
>
> 4.**Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.
>
> 5.**Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Debtor in the Motions did not include any of this information, so the Motions are deficient and do not comply with Local Bankruptcy Rule 9013-1(c)(2).  Specifically, there is no notice of motion which advise the opposing parties that Local Bankruptcy Rule 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing.  Local Bankruptcy Rule 9013-1(c)(2).

Even though Debtor is a self-represented party and the opposing party, the Chapter 7 Trustee, filed a written opposition to the Motions, the court declines to excuse Debtor from compliance with the Local Bankruptcy Rules in this instance because Debtor has filed additional motions in this bankruptcy case with the same defect, which indicates this is a continuing problem.  Just because Debtor is a self-represented party does not excuse him from compliance with the court's rules as stated in Local Bankruptcy Rule 1001-1(c).

Moreover, the Motions fail to state good cause to allow Debtor to reopen discovery pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16 for the reasons stated by the Chapter 7 Trustee in his opposition to the Motions.

Accordingly, the court denies the Motions, Docket Numbers 401 and 406, on both procedural grounds and substantive grounds on the merits for the reasons stated above.

Because the court has decided the Motions on the papers without oral argument, the court vacates the hearings on the Motions on July 2, 2019 at 2:30 p.m.  No appearances are required on July 2, 2019 because the Motions are taken off calendar and the court will not call the Motions on the hearing calendar on July 2, 2019.

IT IS SO ORDERED.

###

Date: June 27, 2019

_____
Robert Kwan
United States Bankruptcy Judge