FILED & ENTERED

AUG 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum     DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                 Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION OF DEBTOR TO STAY PROCEEDING UNTIL INVESTIGATION CONCERNING POSSIBLE IRREGULARITIES IS CONCLUDED** |

    Pending before this court is a Motion to Stay Proceeding Until Investigation Concerning Possible Irregularities is Concluded (the "Motion") (Docket No. 440) filed by Debtor Arturo Gonzalez on August 16, 2019.  Having considered the Motion, and the oral objection of Wesley H. Avery, Chapter 7 Trustee, based on lack of proper notice, at the hearing in this case on August 20, 2019, the court rules as follows.

    There was no notice of motion for this Motion as required by Local Bankruptcy Rule 9013-1(c)(2). Having considered the Motion, the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the Motion is not necessary, dispenses with it, takes the Motion under submission, and rules as follows.

Local Bankruptcy Rule 9013-1(c)(2) states:

> Every motion must be accompanied by written notice of motion specifying briefly the relief requested in the motion and, if applicable, the date, time, and place of hearing. Except as set forth in LBR 7056-1 with regard to motions for summary judgment or partial summary adjudication, or as otherwise ordered, the notice of motion must advise the opposing party that LBR 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing. If the motion is being heard on shortened notice pursuant to LBR 9076-1, the notice must specify the deadline for responses set by the court in the order approving the shortened notice.

There is a mandatory court form for a Notice of Motion, which is Form 9013-1.1.HEARING.NOTICE, which is available for viewing on the court's website.

Debtor did not use the mandatory court Notice of Motion form for the Motion. The court notes that even though the court's Notice of Motion form is mandatory for all motions before the court, many judges have not required the form if the equivalent information in the form and required by the rule is provided in the moving papers with a heading, "Notice of Motion." Debtor did not provide the equivalent information in the Motion.

Form 9013.1.1.HEARING.NOTICE provides for the following information in the caption of the form:

> **NOTICE OF MOTION FOR:**
> **(Specify name of Motion)**
> DATE: TIME:
> COURTROOM:
> PLACE:

Arguably, Debtor provided some of this information in the caption of the Motion, but the caption did not state there was a Notice of Motion, the time set for a hearing and the date referenced in the caption, August 20, 2019 at 10:30 a.m., is not sufficient notice of the motion, so the Motion is deficient and does not comply with the rule.

Form 9013.1.HEARING.NOTICE also includes the following text in the body of the form:

1.TO (specify name):

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above- captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

4. **Deadline for Opposition Papers**: This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure**: The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Debtor in the Motion did not include any of this information, so the Motion is deficient and does not comply with Local Bankruptcy Rule 9013-1(c)(2). Specifically, there is no notice of motion which advises the opposing parties that Local Bankruptcy Rule 9013-1(f) requires a written response to be filed and served at least 14 days before a hearing. Local Bankruptcy Rule 9013-1(c)(2). Even though Debtor is a self-represented party, the court declines to excuse Debtor from compliance with the Local Bankruptcy Rules in this instance because Debtor has filed additional motions in this bankruptcy case with the same defect, which indicates this is a continuing problem. Just because Debtor is a self-represented party does not excuse him from compliance with the court's rules as stated in Local Bankruptcy Rule 1001-1(c).

Accordingly, the court denies the Motion for the reasons stated above. Such denial is without prejudice to Debtor's right to seek such relief in a subsequent Motion

that complies with the court's rules.

    IT IS SO ORDERED. ##

Date: August 21, 2019

_____
Robert Kwan
United States Bankruptcy Judge