

**FILED & ENTERED**

**AUG 21 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON TRUSTEE'S MOTION OBJECTING TO EXEMPTIONS CLAIMED IN DEBTOR'S AMENDED SCHEDULES FILED ON MAY 21, 2019**<br><br>Date:　　August 20, 2019<br>Time:　　10:30 a.m.<br>Courtroom: 1675 |

　　This bankruptcy case came on for hearing on August 20, 2019 before the undersigned United States Bankruptcy Court on the motion of Wesley H. Avery, Chapter 7 Trustee, objecting to exemptions claimed in a homestead and in real estate brokerage commissions identified in the amended schedules filed by Debtor Arturo Gonzalez, filed on May 21, 2019 (Docket No. 395, filed on May 25, 2019).  Brett B. Curlee, Law Offices of Brett Curlee, appeared for the Trustee, and the Trustee also appeared for himself.  Debtor Arturo Gonzalez appeared for himself.

　　Having considered the moving and opposing papers and the oral and written

arguments of the parties, the court grants the motion in part and denies it in part.

The court denies the motion in part because the amended schedules filed by Debtor on May 21, 2019 (Docket No. 393) does not claim any property as exempt, let alone, any homestead exemption or in real estate brokerage commissions as Schedule C in the amended schedules shows.

The court grants the motion in part because the court's prior rulings determining Debtor's exemptions in its orders on the Trustee's prior motions objecting to Debtor's claimed exemptions, Order on Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed Exemption Certain Personal Property Assets (Docket No. 11), filed and entered on July 12, 2016, and Order Amending Prior Decision After Trial on Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed Homestead Exemption in Real Property Located at 329 Hawaiian Avenue, Wilmington, CA and Ruling on Contested Matter of Chapter 7 Trustee's Motion Objecting to Debtor's Amended Claimed Homestead Exemption on Same Property and Tools of the Trade Exemption, filed and entered on April 16, 2019, are the law of the case regarding his claimed exemptions in this case.

"Under the 'law of the case' doctrine, a court [will not] reexamin[e] an issue previously decided by the same or higher court in the same case." *United States v. Jingles,* 702 F.3d 494, 499 (9th Cir. 2012), *cited in, In re Flashcom, Inc.,* 503 B.R. 99, 127 (C.D. Cal. 2013). "A decision on a factual or legal issue must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Pit River Home and Agricultural Cooperative Association v. United States,* 30 F.3d 1088, 1096-1097 (9th Cir. 2094), *cited in, In re Flashcom, Inc.,* 503 B.R. at 127. "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *United States v. Jingles,* 702 F.3d

at 499, *cited in, In re Flashcom, Inc.,* 503 B.R. at 127.

The court in its prior orders had determined Debtor's claimed exemptions in this case and that he was equitably estopped from claiming a different set of exemptions from the ones that were litigated to trial in this case. Therefore, Debtor cannot claim exemptions in this case different from those litigated to a final order or judgment in this case because the factual and legal issues relating to Debtor's claiming of exemptions have already been litigated and decided, and such decisions must be followed in all subsequent proceedings.

On Schedule C in the amended schedules filed on May 21, 2019, Debtor makes statements purportedly affecting his claimed exemptions that "since zero debt can be discharged, Debtor is not eligible for a Bankruptcy Discharge as this case was administer [sic] in error & therefore, cannot claim any exemptions . . . . Also, note as of Jan 16, 2016 estate was solvent $67,339.03 therefore, this is further proof there are damages." These statements in this Amended Schedule C are merely statements of Debtor's views regarding his claimed exemptions and do not affect the law of the case set forth in the court's prior rulings, except to the extent that Debtor is no longer claiming any exemptions in this case.

A separate final order is being filed and entered concurrently herewith.

IT IS SO ORDERED.

###

Date: August 21, 2019

_____
Robert Kwan
United States Bankruptcy Judge