FILED & ENTERED

AUG 23 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON MOTIONS OF DEBTOR TO ALTER OR AMEND JUDGMENT, OR FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7052 CONCERNING HOMESTEAD EXEMPTION DECISION AND "TOOLS OF THE TRADE" EXEMPTION DECISION**<br><br>Date:　　August 20, 2019<br>Time:　　10:30 a.m.<br>Place:　　Courtroom 1675<br>　　　　　Roybal Federal Building<br>　　　　　255 East Temple Street<br>　　　　　Los Angeles, CA 90012 |

　　This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on August 20, 2019 on the motions of Debtor Arturo Gonzalez ("Debtor") to alter or amend judgment, or for new trial, in this bankruptcy case pursuant to Federal

Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, filed on July 8, 2019 (Docket Number 419) regarding the court's rulings on the contested matters of the motions of Wesley H. Avery, the Chapter 7 Trustee, objecting to Debtor's claims of a homestead exemption and a "tools of the trade" exemption on his amended bankruptcy schedules. Debtor Arturo Gonzalez appeared for himself. Brett Curlee, of the Law Offices of Brett B. Curlee, appeared for Wesley H. Avery, Chapter 7 Trustee ("Trustee"). Trustee Wesley H. Avery also appeared for himself.

      On March 27, 2019, the court filed and entered a memorandum decision amending prior decisions after trial on the contested matter of the Chapter 7 Trustee's motion objecting to Debtor's claimed homestead exemption in real property located at 329 Hawaiian Avenue, Wilmington, CA, and ruling on the contested matter of the Chapter 7 Trustee's motion objecting to Debtor's amended claimed homestead exemption on the same property and tools of the trade exemption, which set forth its findings of fact and conclusions of law after trial on these contested matters (Docket Number 364). On April 16, 2019, the court filed and entered its final order (or judgment) thereon in these contested matters (Docket Number 373). In its memorandum decision and final order thereon, the court granted the Chapter 7 Trustee's motions objecting to the homestead and tools of the trade exemptions claimed by Debtor based on state law principles of equitable estoppel that it was inequitable for Debtor to change his exemptions once he claimed and litigated an alternative set of exemptions and that he did not have a valid tools of the trade exemption in his sales commission income because cash or cash equivalents cannot be considered tools of the trade (Docket Numbers 364 and 373). By order filed and entered on May 1, 2019 (Docket Number 383), the court granted Debtor's request to clarify the deadline when a notice of appeal of the final order must be filed and extended the deadline to May 14, 2019.

      On May 14, 2019, Debtor filed his initial motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of

fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (Docket Number 388).  Debtor's argument in support of these motions was that his real property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. § 704(a)(5).  *Id.*  On May 21, 2019, the Chapter 7 Trustee filed a written opposition to these motions (Docket Number 389).  By order filed and entered on June 20, 2019 (Docket Number 407), the court denied Debtor's initial motions to alter or amend judgment, or for new trial, and to amend findings of fact and conclusions of law because the motions failed to comply with the requirement of Local Bankruptcy Rule 9013-1(c) relating to notice of motion, and the order stated that the motions were being denied without prejudice and that Debtor could renotice the motions in compliance with Local Bankruptcy Rule 9013-1(c).

On July 8, 2019, Debtor filed his subsequent motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (Docket Number 159), which are the matters now before the court.  Debtor's argument in support of these motions was essentially the same as the initial motions; that is, that his property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. § 704(a)(5), but also that certain real estate sales commissions were not estate property because the commissions belonged to a separate legal entity, Long Beach Realty, Inc., and need not have been turned over to the Trustee because the Trustee had not "pierced the corporate veil."  *Id.*  Debtor in making this other argument apparently argues that the real estate commissions should not be held by the Trustee as estate assets, but turned over to Long Beach Realty, Inc., a separate legal entity.  On July 30, 2019, the Chapter 7 Trustee filed a written opposition to these subsequent motions (Docket Number 432).

Debtor's motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 are subject to time limitations; that

is, the motions must be timely filed within 14 days of entry of judgment as set forth in these rules.  *See also In re Captain Blythers, Inc.,* 311 B.R. 530, 539 (9th Cir. BAP 2004), *affirmed,* 182 Fed. Appx. 708 (9th Cir. 2006).  Since judgment was entered on April 16, 2019, the 14-day deadline to file was April 30, 2019, but the court had ordered the deadline for appeal extended to May 14, 2019, which extended the deadline to file these motions. Debtor thus timely filed his initial motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 when he filed them on May 14, 2019.  The court denied these initial motions on procedural grounds by its order filed and entered on June 20, 2019.  However, in this order, the court stated that the motions were denied without prejudice and that Debtor "may renotice the Motions for a hearing if he complies with Local Bankruptcy Rule 9013-1(c), filing with the court and serving on the other parties a proper written notice of the date, time and place of hearing on the Motions" (Docket Number 407).  While Debtor reiterated his argument of his initial motions in his subsequent motions as to the homestead exemption, he added a new argument as to the tools of the trade exemption that the sales commissions in which the tools of the trade exemption is claimed are not estate property because they belonged, not to Debtor, but to Long Beach Realty, Inc., a separate legal entity.  However, because the argument in the subsequent motions as to the tools of the trade exemption is different from the initial motions, the court determines that the language permitting the initial motions to be renoticed for hearing does not apply to the argument in the subsequent motions as to the tools of the trade exemption that the sales commissions belong to a separate legal entity because such argument does not relate back to the initial motions.  Thus, such argument in the subsequent motions is untimely and should be denied as untimely, having not been brought by the deadline of May 14, 2019.

        Assuming for the sake of argument that Debtor's argument relating to the sales commissions in the subsequent motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and

conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 is timely, the court addresses Debtor's motions on the merits.

Federal Rule of Bankruptcy Procedure 9023 makes applicable Federal Rule of Civil Procedure 59 in cases under the Bankruptcy Code, 11 U.S.C. The grounds for motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) are shown if movant demonstrates one of the following: (1) there is newly discovered evidence that could not have been discovered previously; (2) the court committed clear error or its initial decision is manifestly unjust; or (3) there is an intervening change in the controlling law. 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20-300 at 20-59 (2018), *citing inter alia, Allstate Insurance Co. v. Herron.,* 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). "A motion to alter or amend judgment 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20-271 at 20-55, *citing, Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 (2008), *citing and quoting*, 11 Wright and Miller, *Federal Practice and Procedure,* §2810.1 at 127-128 (2nd ed. 1995). As the Ninth Circuit has stated, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Insurance Co. v. Herron,* 634 F.3d at 1111.

Debtor has not demonstrated that there are grounds under Federal Rule of Civil Procedure 59 to amend or alter the judgment. Debtor's argument is that the court's findings of fact and conclusions of law in its memorandum decision and in its final order are incorrect because his real property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. § 704(a)(5), and that certain real estate sales commissions were not property of the bankruptcy estate because the commissions belonged to a separate legal entity, Long Beach Realty, Inc., and need not have been turned over to the Trustee because the Trustee had not "pierced the corporate veil." Debtor's arguments do not establish relief to

amend or alter judgment because Debtor does not argue that there is newly discovered evidence or that there is an intervening change in the law and because he has not shown that the court committed clear error or that its initial decision was unjust because there is sufficient legal authority and evidence to support the decision.  This argument may not be raised now because it is simply an argument that could have been raised before the court entered judgment on this contested matter, but it was not raised before judgment.

In considering Debtor's motion to amend or alter judgment, the court has reviewed its findings of fact and conclusions of law in the memorandum decision and does not see any error or injustice in the rulings.  As the court explained in its 59-page memorandum decision, Debtor was equitably estopped under applicable California state law from later claiming a different set of exemptions under California law from the set he claimed and litigated with the Trustee to final judgment, which resulted in detriment to the Trustee and the estate, and the "tools of the trade" exemption does not apply to the real estate sales commissions as "working capital" (although the court allowed a "tools of the trade" exemption for business equipment valued at $400) (Docket Number 364).

Debtor does not explain why this analysis of the law and evidence is incorrect other than to argue that his real property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. §704(a)(5), and that certain real estate sales commissions were not estate property because the commissions belonged to a separate legal entity, Long Beach Realty, Inc. With respect to the first of these two arguments that Debtor makes in support of his motion to amend or alter judgment (i.e., that his real property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. §704(a)(5)), the court determines that such argument lacks merit because the court specifically addressed this argument in its memorandum decision at pages 48 through 54 in stating that the Trustee did not act contrary to his statutory duties under 11 U.S.C. § 704(a)(4) and (5) in taking the actions he did in seeking turnover of the real estate sales commissions and selling Debtor's real property.  Docket Number 364 at 48-54.

Debtor was accorded due process of law as to the sale of his real property as indicated by the proceedings relating to the Trustee's motion to sell the property under 11 U.S.C. § 363, wherein Debtor was given notice and opportunity to be heard before the court authorized the sale of the property in a final order on which Debtor had the opportunity to take an appeal and did not. *Notice of Motion and Motion for Sale of Property,* Docket Numbers 100-102, filed on June 16, 2019; *Debtor's Opposition thereto,* Docket Number 116, filed on July 5, 2016; *Order Granting Motion for Sale of Real Property,* filed and entered on July 29, 2016.

With respect to the second argument that the real estate sales commissions were not estate property because they belonged to Long Beach Realty, Inc., a separate legal entity, the court also determines that such argument lacks merit because the evidence supported the court's factual findings that the real estate sales commissions were property of the bankruptcy estate. As the Trustee points out in his opposition to these motions, Debtor had scheduled the commissions on his original bankruptcy petition and schedules (he listed Long Beach Realty, Inc., as an asset, including its accounts receivable (i.e., the commissions) and claimed a personal exemption in the commissions), he admitted that he was Long Beach Realty, Inc.'s alter ego, and he claimed the commissions as his personal income in support of his motion to convert the case to Chapter 13, saying at trial that he withheld the commissions from the Trustee to repay creditors. *Opposition*, Docket Number 432 at 3-18, 22-23 (Curlee Declaration) and Exhibit Q attached thereto; *see also, e.g., Petition,* Main Bankruptcy Case, Docket Number 1. As the court found based on evidence adduced at trial in the adversary proceeding, Adv. No. 2:16-ap-01037-RK, Debtor had listed some but not all of the commissions as assets on his amended bankruptcy schedules and claimed personal exemptions in the commissions which exemptions were litigated on the Trustee's motion for turnover in the adversary proceeding, and Debtor and the Trustee stipulated to allow Debtor to retain some of the commissions as his personally exempt assets. *Findings of Fact and Conclusions of Law,* Adversary Proceeding No. 2:16-ap-01037-RK, Docket Number 123 at 2-22, filed on March 27, 2019. The evidence at trial

in the adversary proceeding showed that Debtor paid himself the commissions when they were received from escrow because he was the real estate broker and salesperson who generated the commissions from his personal sales activities, and this fact alone indicates that the commissions were property of the bankruptcy estate which Debtor was obligated to disclose on his bankruptcy documents and turn over to the Trustee because the sales transactions were in escrow as of the date that Debtor filed his bankruptcy petition, and he had the right to the commissions as a participating real estate broker and sales agent. *Id.* Whether the sales commissions were payable to Long Beach Realty, Inc. does not matter because Debtor had the right to payment of the commissions as the participating real estate broker and sales agent responsible for generating the commissions, whether directly payable from escrow or indirectly through Long Beach Realty, Inc., Debtor's wholly owned and controlled California S corporation[1]. The sales commissions were accounts receivable of Long Beach Realty, Inc., but they were also accounts receivable of Debtor because he was the real estate broker and sales agent who generated the sales commissions from his

---

[1] A California S Corporation (with the "S" referring to Subchapter S of the Internal Revenue Code, 26 U.S.C.) is a corporation incorporated under California law which is treated like a partnership for federal and state income tax purposes whereby each item of income and expense is "passed through" directly to the shareholder(s) and is not taxed at the corporate level. Fotenos and Rybka, *Rutter Group California Practice Guide: Corporations,* ¶¶119 and 120 (online ed., February 2019 update), *citing inter alia,* California Revenue & Taxation Code, §§23801(a); Subchapter S of the Internal Revenue Code, 26 U.S.C. §§1361-1379; *Valentino v. Franchise Tax Board,* 87 Cal.App.4th 1284, 1288-1289 (2001); *Handlery Hotels, Inc. v. Franchise Tax Board,* 39 Cal.App.4th 1360, 1363 (1995). As one California corporate law treatise has observed, "[t]his gives the owners of closely-held corporations the advantages of the corporate form (e.g., centralized management, limited personal liability), while avoiding the double-taxation of corporate profits." *Id.* While California imposes a 1.5% franchise tax on the S corporation's net taxable income, the profits and losses of a California S corporation are "passed through" to the shareholders for state and federal income tax purposes. *Id.* The income and expenses of Long Beach Realty, Inc., Debtor's wholly owned California S corporation "passed through" and are attributable to him and reportable on his state and federal income tax returns. Thus, the income from the real estate sales commissions paid to Long Beach Realty, Inc., "passed through" to Debtor as its sole shareholder, and while it may have a business deduction for paying compensation to its broker and salesperson whose services generated the commissions, who was Debtor anyway, the net income from the commissions paid to the S corporation are attributable to Debtor, and the compensation from the S corporation to its broker and salesperson, Debtor, are reportable by Debtor on his state and federal income tax returns. Debtor had prepetition accounts receivable from the commissions generated by his prepetition services as a broker and salesperson either way attributable to him as the sole shareholder of his S corporation, Long Beach Realty, Inc., and/or its broker and salesperson.

*(continued)*

involvement in the sales transactions pending at the time he filed his bankruptcy petition.[2] The evidence thus supports the factual findings of the court in the adversary proceeding that the real estate sales commissions were earned by Debtor and thus belonged to him as of the petition date, making them property of the bankruptcy estate under 11 U.S.C. §541, and these findings were not clearly erroneous.

Moreover, as a theoretical matter, Debtor cannot show clear error or manifest injustice as to the rulings on the homestead exemption and the tools of the trade exemption based on his new argument that the real estate sales commissions did not belong to him, but to Long Beach Realty, Inc., a separate legal entity, because this argument does not support his assertion that the court's rulings partially disallowing his homestead and tools of the trade exemptions. If Debtor's theory about the commissions not being his property is correct, the commissions would not be property of the bankruptcy estate under 11 U.S.C. §541, and thus, he could not claim personal exemptions in property that does not belong to him, not being property of the estate. As the Supreme Court has observed about exemptions from the bankruptcy estate, "An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time

---

[2] At the hearing on August 20, 2019, Debtor blamed his former bankruptcy attorney, Anerio Altman, for listing his sales commissions earned prepetition but received postpetition as his assets on his bankruptcy schedules filed in this case, when Debtor now says that they were not his assets required to be listed on his schedules because they belonged to Long Beach Realty, Inc., a separate legal entity. Audio Recording of Hearing, August 20, 2019, at 11:05-11:07 a.m. This is ironic because as late as May 2019, only two months ago, Debtor has taken the contrary position in other litigation in this case that the sales commissions earned prepetition and received postpetition were his in making factual allegations in his second amended complaint filed on May 9, 2019 in Adversary Proceeding No. 2:18-ap-01371-RK (Docket No. 45, ¶¶27-28) that "Plaintiff [Debtor Arturo Gonzalez] had earned $44,303 in sales commissions prepetition and received postpetition" and "Plaintiff had received all commissions by December 15th, 2015." *See also,* First Amended Complaint, Adv. No. 2:18-ap-01371-RK, filed on January 28, 2019 (Docket No. 17, ¶¶27-28) (identical factual allegations that the sales commissions earned prepetition and received postpetition were his). In these pleadings, which he filed on his own without the assistance of counsel, Debtor did not allege that these sales commissions were not his because they were Long Beach Realty's. *Id.* In Debtor's signing and filing these pleadings containing factual allegations that he earned $44,303 in sales commissions prepetition and received post petition, Debtor as plaintiff in Adversary Proceeding No. 2:18-ap-01371-RK had certified under Federal Rule of Bankruptcy Procedure 9011 to the best of his "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that his allegations had evidentiary support. Federal Rule of Bankruptcy Procedure 9011(b)(3). Debtor cannot blame his former attorney for the alleged mischaracterization of the sales commissions because the truth is that he earned them and was required to list them on his bankruptcy schedules. Litigation should not be a game of Whac-A-Mole where Debtor gets to pop up another argument or theory when his earlier arguments or theories fail.

(continued)

of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions. An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen,* 500 U.S. 305, 308 (1991). There must be some property interest to be withdrawn from the bankruptcy estate in order to be exempt; otherwise, there is nothing to exempt if the property interest cannot be withdrawn from the bankruptcy estate. *Id.* Thus, accepting Debtor's argument that the real estate sales commissions did not belong to him since they belong to Long Beach Realty, Inc., he cannot claim any exemptions in property that is not part of the bankruptcy estate, and thus, his claimed homestead and tools of the trade exemptions are subject to objection as the Trustee has done, and the court's rulings partially disallowing Debtor's claimed exemptions are not clearly erroneous or otherwise manifestly unjust. [3]

The grounds for motions for new trial under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59 are not specifically enumerated, but some of the more common grounds for such motions recognized in the federal courts include the following: (1) the verdict is against the clear weight of the evidence; (2) there is newly discovered evidence that could not have been discovered previously; (3) there is prejudicial misconduct by the court; and (4) there is prejudicial misconduct by opposing counsel. 3 March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy,* ¶ 20:100 at 20-19, *citing inter alia,* Federal Rule of Civil Procedure 59; 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶¶ 20-100 - 20-247 at 20-19 - 20-50). As for Debtor's motion to amend or alter judgment, similarly, Debtor's motion for new trial should be similarly denied because there is no error

---

[3] It is also unclear to the court how Debtor can challenge its rulings on the homestead exemption based on the argument that the real estate sales commissions belonged to another party since he never claimed a homestead exemption in the real estate sales commissions and such assets derived from his personal earnings as a real estate broker and salesperson cannot be a "homestead." *See, e.g.,* Amended Schedules, Docket No. 85, filed on May 9, 2016 (Amended Schedule C-Property Claimed as Exempt, claiming a homestead exemption of $75,000.00 in the real property at 329 Hawaiian Avenue, Wilmington, CA, under California Code of Civil Procedure §704.730 and a "tools of the trade" exemption of $7,625.00 in accounts receivable from the real estate sales commissions under California Code of Civil Procedure §704.060(a)(1).

of law, there is no newly discovered evidence or there are no other grounds to warrant a new trial.

Federal Rule of Bankruptcy Procedure 7052 makes applicable Federal Rule of Civil Procedure 52 in adversary proceedings. Motions to amend findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(b) are granted only if movant demonstrates one of the following: (1) the court made a mistake of law or fact; (2) there is newly discovered evidence that could not have been discovered previously; or (3) the result is unjust. 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 17-152 at 17-33, *citing, Deutsch v. Burlington Northern Railroad Co.,* 983 F.2d 741, 744 (7th Cir. 1992) (citation omitted). However, motions to amend findings of fact and conclusions of law cannot be used to raise arguments that could have been raised prior to entry of judgment. *Id.*, ¶ 17-153 at 17-33, *citing inter alia, Diocese of Winona v. Interstate Fire & Casualty Co.,* 89 F.3d 1386, 1397 (8th Cir. 1996) (citation omitted). As for Debtor's motions to amend or alter judgment, or for new trial, Debtor's motion to amend findings of fact and conclusions of law should also be denied because there is no error of law, there is no newly discovered evidence and the result is not unjust, and in addition, the motion should be denied because there is no showing that Debtor raised his argument before judgment was entered.

If Debtor believes that the final order (or judgment) of the court disallowing his homestead and "tools of the trade" exemptions should be reversed because either the findings of fact were clearly erroneous and/or the conclusions of law were erroneous, his remedy is to take an appeal of the final order or judgment because the final order or judgment will become final if he does not take a timely appeal pursuant to Federal Rules of Bankruptcy Procedure 8001 *et seq.* Debtor's remedy is not filing repetitive motions to amend or alter judgment, for new trial or to amend findings of fact and conclusions of law, which will be going over the same ground and will likely result in the court imposing sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 since it is not likely that such repetitive motions will be filed in good faith because the court's final order disallowing

the homestead and "tools of the trade" exemptions and this order denying these motions will be the "law of the case." *See Dye v. Communications Ventures III, LP (In re Flashcom, Inc.),* 503 B.R. 99, 127 (C.D. Cal. 2013), *citing and quoting, United States v. Jingles,* 702 F.3d 494, 499 (9th Cir. 2012) ("Under the 'law of the case' doctrine, a court [will not] reexamine[e] an issue previously decided by the same or higher court in the same case."); *United States v. Smith,* 389 F.3d 944, 948 (9th Cir. 2004) (The law of the case doctrine "is founded upon the sound public policy that litigation must come to an end" and "serves to advance the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided.").

      For the foregoing reasons, the court denies Debtor's motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 on procedural grounds for the new argument not being timely made and on substantive grounds on the merits. A separate final order is being filed and entered concurrently herewith.

      IT IS SO ORDERED.

###

Date: August 23, 2019

_____
Robert Kwan
United States Bankruptcy Judge