

**FILED & ENTERED**

**SEP 12 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>            Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**ORDER (1) DENYING FOR LACK OF JURISDICTION DEBTOR'S MOTIONS TO VACATE JUDGMENT FOR IRREGULARITIES, VACATE JUDGMENT FOR INTENTIONAL MISREPRESENTATIONS BY TRUSTEE, VACATE JUDGMENT FOR INTENTIONAL MISREPRESENTATION BY DEBTOR'S FORMER ATTORNEY, FRAUD ON THE COURT AND SET ASIDE JUDGMENT UNTIL PENDING INVESTIGATIONS ARE CONCLUDED AND (2) VACATING OCTOBER 1, 2019 HEARING**<br><br><u>Vacated Hearing</u><br>Date:       October 1, 2019<br>Time:       2:30 p.m.<br>Courtroom:   1675 |

On September 6, 2019, Debtor Arturo Gonzalez filed a Notice of Motion for : 1) Hearing to Vacate Judgment for Irregularities, 2) Motion to Vacate Judgment for

Intentional Misrepresentation by Trustee, 3) Motion to Vacate Judgment for Intentional Misrepresentation by Debtor's Former Attorney, 4) Motion for Fraud on the Court, 5) Set Aside ("Motions") (Docket No. 466) which was set for hearing October 1, 2019 at 2:30 p.m.  Having considered the Motions and the record before the court, the court denies the Motions for the following reasons.

On March 27, 2019, the court entered its Memorandum Decision Amending Prior Decision After Trial on Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed Homestead Exemption in Real Property Located at 329 Hawaii Avenue, Wilmington, CA and Ruling on Contested Matter of Chapter 7 Trustee's Motion Objecting to Debtor's Amended Claimed Homestead Exemption on Same Property and Tools of the Trade Exemption ("Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions") (Docket No. 364).  On April 16, 2019, the court entered an Order Amending Prior Decision After Trial on Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed Homestead Exemption in Real Property Located at 329 Hawaiian Avenue, Wilmington, CA and Ruling on Contested Matter of Chapter 7 Trustee's Motion Objecting to Debtor's Amended Claimed Homestead Exemption on Same Property and Tools of the Trade Exemption (Docket No. 364) ("Order on Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions") (Docket No. 373).  On August 23, 2019, the court entered its Memorandum Decision and Order thereon on Motions of Debtor to Alter or Amend Judgment, or for New Trial Pursuant to Federal Rule of Bankruptcy Procedure 9023 and to Amend Findings of Fact and Conclusions of Law Concerning Homestead Exemption Decision and Tools of the Trade Exemption Decision ("Memorandum Decision and Order on Motions to Alter or Amend").

In the Motions, the Debtor requests the court reconsider and vacate its "judgment", but he does not explicitly refer to which orders that he seeks to vacate as the "judgment."  However, because the Debtor refers to the court's decisions on the homestead and tools of the trade exemptions in the Motions, he apparently means the

Case 2:15-bk-25283-RK   Doc 470   Filed 09/12/19   Entered 09/12/19 08:09:45   Desc

judgment on the contested matters decided in the Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions and Order thereon and the Memorandum Decision and Order on Motions to Alter or Amend entered on March 27, 2019, April 16, 2019 and August 23, 2019.  On the same day that the Debtor filed the Motions, on September 6, 2019, he filed a Notice of Appeal and Statement of Election to U.S. District Court ("Notice of Appeal") (Docket No. 462), appealing the court's judgment in the Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions and Order thereon and the Memorandum Decision and Order on Motions to Alter or Amend, which are the subjects of the Motions.

Filing of a notice of appeal generally confers jurisdiction on the appellate court and divests the trial court of jurisdiction over the matters appealed.  *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)(citations omitted); *Sumida v. Yumen,* 409 F.2d 654, 657-658 (9th Cir. 1969)(citations omitted).  Here, Debtor's filing of the notice of appeal on September 6, 2019 conferred jurisdiction on the appellate court, the United States District Court, over the matters appealed, and divested this court of jurisdiction over those matters, that is, the court's Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions and Order thereon and the Memorandum Decision and Order on Motions to Alter or Amend. Having been divested of jurisdiction over the matters appealed, the Memorandum Decision on Claimed Homestead and Tools of the Trade Exemptions and Order thereon and the Memorandum Decision and Order on Motions to Alter or Amend, due to the Debtor's filing of the notice of appeal, the court lacks jurisdiction to consider the Motions to vacate judgment over the matters appealed, and therefore, the court lacks jurisdiction to hear the Motions and thus denies the Motions for lack of jurisdiction.

Debtor in the Motions requests in the alternative that all proceedings in this bankruptcy case be stayed.  The court denies this request for lack of good cause.

Because Debtor's filing of a notice of appeal deprives this court of jurisdiction over the appealed matters of the Memorandum Decision on Claimed Homestead and

Tools of the Trade Exemptions and Order thereon and the Memorandum Decision and Order on Motions to Alter or Amend and Debtor's alternative request that all proceedings in the bankruptcy case be stayed should be denied for lack of good cause, the court determines that further briefing and oral argument on the Motions are unnecessary, dispenses with them, vacates the hearings on the Motions noticed for October 1, 2019 at 2:30 p.m., takes the Motions under submission and files and enters this order disposing of the Motions. No appearances are required on the Motions on October 1, 2019 as the court will not call the Motions for hearing on that date.

IT IS SO ORDERED.

###

Date: September 12, 2019

_____
Robert Kwan
United States Bankruptcy Judge