

FILED & ENTERED

OCT 15 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re: | Case No. 2:15-bk-25283-RK |
|---|---|
| ARTURO GONZALEZ,<br><br>Debtor. | Chapter 7<br><br>**MEMORANDUM DECISION ON MOTION BY CHAPTER 7 TRUSTEE, WESLEY H. AVERY, PURSUANT TO FRCP 11 AND FRBP 9011 FOR SANCTIONS AGAINST DEBTOR, ARTURO GONZALEZ, INCLUDING MONETARY SANCTIONS OF ATTORNEY FEES AND COSTS AND DIRECTIVES OF A NONMONETARY NATURE** |

This bankruptcy case came on for hearing on August 20, 2019 on the Motion of Wesley H. Avery, Chapter 7 Trustee, Pursuant to FRBP [Federal Rule of Civil Procedure] 11 and FRBP [Federal Rule of Bankruptcy Procedure] 9011 for Sanctions against the Debtor, Arturo Gonzalez, including Monetary Sanctions of Attorney Fees and Costs and Directives of a Nonmonetary Nature ("Motion"), Electronic Case Filing No. ("ECF") 408. Brett B. Curlee, of the Law Office of Brett Curlee, appeared for the Chapter 7 Trustee. Debtor Arturo Gonzalez appeared for himself.

The Chapter 7 Trustee, Wesley H. Avery ("Trustee") filed the Motion a separate Request for Judicial Notice in Support of Motion ("RJN") on June 22, 2019, ECF 408. On

-1-

July 9, 2019, Debtor, Arturo Gonzalez, ("Debtor") filed his "Response to Docket 395, 396, 397, 408, 409 Motion by Chapter 7 Trustee, Wesley H. Avery, Objecting to Exemptions Claimed in a Homestead and in Real Estate Brokerage Commissions Identified in the Amended Schedules (Docket No. 393), filed May 21, 2019, by Debtor Arturo Gonzalez; and Requesting Order for Turnover of Commissions Belonging to the Bankruptcy Estate; Memorandum of Points and Authorities; Declaration of Brett B. Curlee in Support Thereof" ("Opposition"), ECF 420.  The Trustee filed a reply thereto on August 13, 2019 ("Reply"), ECF 438.  After the hearing on the Motion on August 20, 2019, the court took the Motion under submission.

Having considered the Motion, the RJN, the Opposition, and the Reply, and having also considered the arguments of the parties made at the hearing on August 20, 2019, the court makes the following rulings on the Motion.

## I.    BACKGROUND

Pursuant to the Motion, the Trustee seeks relief under Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") and Federal Rule of Civil Procedure 11 ("Rule 11"), claiming that Debtor's motions, adversary actions, and amendments have been filed to harass the Trustee and delay these proceedings in bad faith.  Motion, ECF 408 at 3.  Specifically, the Trustee requests the following monetary and non-monetary sanctions against Debtor:

    a) Strike the complaint and dismiss adversary action no. 2:19-ap-01126-RK;

    b) Strike the complaint in adversary action no. 2:18-ap-01371-RK and dismiss that adversary action as it pertains to the Trustee;

    c) Strike the Motion to Alter, or Amend the Judgement, or Request for New Trial regarding Debtor's homestead and tools of the trade exemptions (Docket No. 364) and the turnover order (Docket No. 16 in Adv. No. 2:16-ap-01037) and to amend the Findings of Fact and Conclusions of Law regarding the same.  *See also* Docket No. 388 filed in the Main Bankruptcy Case, No. 2:15-bk-25283-RK;

    d) Strike the Motion to Alter, or Amend the Judgement, or Request for New Trial regarding revocation of discharge (Docket No. 123, 129 in Adv. No. 2:16-ap-01037-RK) and to amend the Findings of Fact and Conclusions of Law regarding same (Docket No. 123, Adv. No. 2:16-ap-01037-RK). This Motion is Docket No. 137 in Adv. No. 2:16-ap-01037-RK;

    e) Strike the Motion for Trustee to Protect Debtor's Interest (Docket No. 47 in Adv. No. 18-ap-01371-RK). This Motion was filed in Adv. No. 18-ap-01371-RK;

    f) Strike the Amended Schedules (Docket No. 393), filed May 21, 2019;

    g) Order Debtor shall first submit all pleadings to be filed in the bankruptcy case or any adversary action related to the bankruptcy case for court approval before filing that the Court deems are not duplicative or frivolous; and,

    h) Order Debtor to pay attorneys' fees and costs of not less than $15,000 to Trustee's counsel and co-counsel as sanctions for causing Trustee to respond to Debtor's bad faith filings.

*Id.* at 2.

Debtor opposed the Motion, arguing that the Trustee has proceeded incorrectly and is harassing Debtor. Opposition, ECF 420 at 4. As explained in greater detail below, the court denies the Motion for procedural deficiencies, mootness, and lack of merit.

## II.  DISCUSSION

### A. The Trustee's Motion is Procedurally Deficient

Rule 9011, the bankruptcy parallel to Rule 11, is "an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). An award of sanctions for a violation of Rule 9011 is "an exceptionally serious matter reserved for those rare situations in which a claim or defense is asserted without any evidentiary support or legal basis, or for improper purposes, such as to harass or delay an opponent, or cause undue expense." *Board of*

*Trustees v. Quinones (In re Quinones)*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015) (citing *inter alia Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).  A party seeking sanctions therefore must strictly comply with all of Rule 9011's procedural requirements for an award.  *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 710-711 (9th Cir. 1998).

The language of Rule 9011[1] mirrors that of Rule 11, so courts analyzing sanctions under Rule 9011 commonly rely on cases interpreting Rule 11.  *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 550 and n. 5 (9th Cir. 2004) (citation omitted) (describing Rule 9011 as the "bankruptcy twin" of Rule 11).  Further, when Rule 9011 was adopted in its present form in 1997, the drafters of the amended bankruptcy rules referred readers to the notes accompanying the 1993 amendments of Rule 11 for guidance.  *Id.* at 551 and n. 8.  When interpreting Rule 9011, as stated in *In re Deville,* the Ninth Circuit continues "to adhere to the practice that precedents interpreting Rule 11 may prove a helpful guide" and "looks to the Advisory Committee Notes to the 1993 Amendments to Rule 11" to inform judgments about the procedures required in imposing sanctions under Rule 9011.  *Id.* at 552.[2]

---

[1] Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

[2] The current wording of Federal Rule of Bankruptcy Procedure 9011(c) dates from 1997, and the essentially identical language in Federal Rule of Civil Procedure 11(c) dates from 1993.  The Advisory Committee Notes on the 1997 Amendments to Rule 9011 state: "For an explanation of these amendments, see the advisory committee note to the 1993 amendments to Fed. R. Civ. P. 11."  Fed. R. Bankr. P. 9011; Advisory Committee Notes, 1997 Amendment (accessed on October 8, 2019, and available at https://uscode.house.gov/view.xhtml?path=/prelim@title11/title11a/node2&edition=prelim).

i.  **The Rule 9011(c)(1)(A) "Safe Harbor"**

Rule 9011(c)(1)(A) requires that before a motion for sanctions is filed with the court, the motion must have been served on the party whose conduct is alleged to violate the rule, and the alleged violating party must be allowed at least twenty-one days to correct or withdraw the offending pleading, allegation, or denial (the "Safe Harbor").  Fed. R. Bankr. P. 9011(c)(1)(A).  To comply with Rule 9011, a moving party therefore must serve its sanctions motion "on the plaintiffs *with a demand for retraction of the allegedly offending allegations*," and then allow the plaintiffs at least twenty-one days to retract the pleading before filing the motion with the court.  *Radcliffe v. Rainbow Construction Co.*, 254 F.3d at 788-789 (emphasis added).  In *Barber v. Miller,* the Ninth Circuit held that the procedural requirements of the Safe Harbor are mandatory.  146 F.3d at 710-711.  The court emphasized that the Advisory Committee Notes "make abundantly clear" that the revised Rule 9011(c)(1)(A), like Rule 11(c)(1)(A), establishes a safe harbor in that "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."  *Id.* at 710 (citing Advisory Committee Notes, 1993 Amendment).

The purpose of the Safe Harbor "is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*."  *Id.* (emphasis in original).  The Safe Harbor was adopted to, among others, encourage the withdrawal of papers that violate Rule 9011 without involving the court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process.  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1337.2 (4th ed., online ed., August 2019 update); *see also, Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1151 (9th Cir. 2002) (safe harbor is meant to give an opportunity to remedy any alleged misconduct); *Ellis v. Devig*, No. 3:08-cv-19, 2008 U.S. Dist. LEXIS 29893, 2008 WL 1735389 at *1 (D. N.D. 2008) (purpose of safe harbor is to encourage withdrawal).

Notably, in addition to service of the motion in compliance with Rule 9011(c)(1)(A), "counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." *Barber v. Miller*, 146 F.3d at 710 (citing Advisory Comm. Notes, 1993 Amend.); *see also, Crane v. Rodriguez,* No. 2:15-cv-0208 TLN KJN P, 2017 WL 132122 at *2 (E.D. Cal. 2017) (citing Advisory Committee Notes, 1993 Amendment and noting that plaintiff did not provide defendants with informal notice of his intention to seek sanctions contemplated under Rule 11).[3]

    ii.   **The Motion Provides Insufficient Evidence that Debtor had Notice Pursuant to Rule 9011(c)(1)(A)**

The purpose of the Rule 9011 Safe Harbor is to afford plaintiffs an opportunity to avoid sanctions. Here, there is insufficient evidence that the Trustee's bare service of the Motion provided Debtor the opportunity to withdraw or retract the allegedly offending pleadings. The Trustee's counsel stated that on May 24, 2019, he served the Motion on the Debtor at his address at 1139 Sanford Ave., Wilmington, California 90744. *Declaration of Brett B. Curlee*, ¶ 7 (ECF 408 at 16) ("Curlee Declaration"). The Trustee filed the Motion on June 22, 2019, more than twenty-one days after service of the Motion on Debtor. Debtor did not withdraw or retract any of the allegedly offending pleadings before the Trustee filed the Motion, filing the Opposition on July 9, 2019.

There is no evidence that the Trustee informally notified Debtor, by telephone call or letter, of his intention to move for sanctions before serving the Motion on Debtor. The Advisory Committee Notes to the 1993 amendments to Rule 11 indicate that "in most cases" counsel should give some informal notice to the plaintiff that he intends to move

---

[3]     *See also Ellis v. Devig*, No. 3:08-cv-19, 2008 U.S. Dist. LEXIS 29893, 2008 WL 1735389 at *1 (D.N.D. 2008) ("The language of Rule 11, along with the Advisory Committee Notes, clearly sets forth the procedure which parties must follow when they believe sanctions may be appropriate. First, the other party should be informally notified of the potential violation before service of the Rule 11 motion. If the issue is not resolved after informal notification, the party seeking sanctions must serve a separate motion for sanctions upon the other party. After the motion has been served, the other party has the 21-day safe harbor period to withdraw or correct the challenged paper. The district court should not be involved in the matter prior to the expiration of the safe harbor period. If the safe harbor period runs without appropriate action by the other party, only then should the motion for sanctions be filed with the district court.").

for sanctions. Federal Rule of Civil Procedure 11, Advisory Committee Notes, 1993 Amendment. Here, Debtor is proceeding without counsel, and there is no evidence that a demand letter or similar communication was made before the Trustee served Debtor on May 24, 2019.

Additionally, neither the Motion nor the Curlee Declaration includes any evidence of a request that Debtor withdraw any of the allegedly offending pleadings. The court is unable to determine if the Trustee ever indicated to Debtor, whether verbally or in writing, that a refusal to withdraw the allegedly offending pleadings might result in sanctions. There is no evidence that the Trustee made any "demand for retraction of the allegedly offending allegations," *Radcliffe v. Rainbow Construction Co.*, 254 F.3d at 788-789, while serving the Motion on Debtor. The evidence before the court fails to demonstrate that Debtor had sufficient notice—either informally given before service of the motion, or formally included with service of the Motion by the Trustee's counsel—that Debtor had an opportunity, within twenty-one days, to withdraw the offending pleadings "*and thereby escape sanctions.*" *Barber v. Miller,* 146 F.3d at 710 (emphasis in original).

In *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005), the moving party served the plaintiff "with a letter and a copy of the motion he intended to file" if plaintiffs did not cure the allegedly sanctionable conduct. 425 F.3d at 678. Attaching a letter setting forth the demand for withdrawal when serving the motion upon plaintiff and complying with the safe harbor waiting period give a plaintiff sufficient notice that a refusal to retract an allegedly offending pleading may give rise to sanctions under Rule 9011. Similarly, informally notifying plaintiff—before serving the motion—of the intention to move for sanctions but for withdrawal of allegedly sanctionable pleadings, and then complying with the safe harbor period after service of a motion, provides adequate notice to a plaintiff. Here, however, there is no letter or other evidence before the court demonstrating that the Trustee ever demanded that Debtor retract any pleadings within the safe harbor period.

for sanctions. Federal Rule of Civil Procedure 11, Advisory Committee Notes, 1993 Amendment. Here, Debtor is proceeding without counsel, and there is no evidence that a demand letter or similar communication was made before the Trustee served Debtor on May 24, 2019.

Additionally, neither the Motion nor the Curlee Declaration includes any evidence of a request that Debtor withdraw any of the allegedly offending pleadings. The court is unable to determine if the Trustee ever indicated to Debtor, whether verbally or in writing, that a refusal to withdraw the allegedly offending pleadings might result in sanctions. There is no evidence that the Trustee made any "demand for retraction of the allegedly offending allegations," *Radcliffe v. Rainbow Construction Co.*, 254 F.3d at 788-789, while serving the Motion on Debtor. The evidence before the court fails to demonstrate that Debtor had sufficient notice—either informally given before service of the motion, or formally included with service of the Motion by the Trustee's counsel—that Debtor had an opportunity, within twenty-one days, to withdraw the offending pleadings "*and thereby escape sanctions.*" *Barber v. Miller,* 146 F.3d at 710 (emphasis in original).

In *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005), the moving party served the plaintiff "with a letter and a copy of the motion he intended to file" if plaintiffs did not cure the allegedly sanctionable conduct. 425 F.3d at 678. Attaching a letter setting forth the demand for withdrawal when serving the motion upon plaintiff and complying with the safe harbor waiting period give a plaintiff sufficient notice that a refusal to retract an allegedly offending pleading may give rise to sanctions under Rule 9011. Similarly, informally notifying plaintiff—before serving the motion—of the intention to move for sanctions but for withdrawal of allegedly sanctionable pleadings, and then complying with the safe harbor period after service of a motion, provides adequate notice to a plaintiff. Here, however, there is no letter or other evidence before the court demonstrating that the Trustee ever demanded that Debtor retract any pleadings within the safe harbor period.

Because Debtor is not represented by counsel, and there is no evidence of any withdrawal request having been made by the Trustee's counsel, the court determines that the Motion is insufficient to satisfy the stringent notice requirements of Rule 9011.

**B. The Sanctions Requested by the Trustee are Either Moot or Without Merit**

In the Motion, the Trustee requests monetary and non-monetary sanctions against Debtor. *See* ECF 408 at 2. The court addresses each request in turn.

  a) <u>Strike the complaint and dismiss adversary action no. 2:19-ap-01126-RK;</u>

Because by order on July 19, 2019, the court dismissed the adversary proceeding for lack of standing, the Trustee's request is therefore moot. ECF 14, Adv. No. 2:19-ap-01126-RK.

  b) <u>Strike the complaint in adversary action no. 2:18-ap-01371-RK and dismiss that adversary action as it pertains to the Trustee;</u>

Because by order on August 21, 2019, the court, on its own motion, struck the second amended complaint of Debtor on grounds that the second amended complaint was not an authorized amended pleading because Debtor did not comply with Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(1) and (2), the Trustee's request is therefore moot. ECF 73, Adv. No. 2:18-ap-01371-RK.

  c) <u>Strike the Motion to Alter, or Amend the Judgement, or Request for New Trial regarding Debtor's homestead and tools of the trade exemptions (Docket No. 364) and the turnover order (Docket No. 16 in Adv. No. 2:16-ap-01037-RK) and to amend the Findings of Fact and Conclusions of Law regarding the same. *See also* Docket No. 388 filed in the Main Bankruptcy Case, No. 2:15-bk-25283-RK;</u>

Because by order on August 23, 2019, the court denied Debtor's motions, the Trustee's request is therefore moot. ECF 448, No. 2:15-bk-25283-RK, and ECF 170, Adv. No. 2:16-ap-01037-RK.

  d) <u>Strike the Motion to Alter, or Amend the Judgement, or Request for New Trial regarding revocation of discharge (Docket No. 123, 129 in Adv. No.</u>

<u>2:16-ap-01037-RK) and to amend the Findings of Fact and Conclusions of Law regarding same (Docket No. 123, Adv. No. 2:16-ap-01037-RK). This Motion is Docket No. 137 in Adv. No. 2:16-ap-01037-RK;</u>

Because by order on June 19, 2019, the court denied the Debtor's motions for lack of compliance with Local Bankruptcy Rule 9013-1(c), the Trustee's request is therefore moot. ECF 152 and 170, Adv. No. 2:16-ap-01037-RK.

e) <u>Strike the Motion for Trustee to Protect Debtor's Interest (Adv. No. 47). This Motion was filed in Adv. No. 2:18-ap-01371-RK;</u>

Because by order on August 22, 2019, the court denied the Debtor's motions for lack of good cause and for the reasons set forth in the Trustee's written opposition, the Trustee's request is therefore moot. ECF 74, Adv. No. 2:18-ap-01371-RK.

f) <u>Strike the Amended Schedules (Docket No. 393), filed May 21, 2019;</u>

By order on August 21, 2019, the court disallowed the claimed exemptions in Debtor's Schedule C in his amended schedules to the extent that Debtor's expressions of his views purported to amend his schedules to claim a homestead exemption or exemptions in real estate sales commissions different from what the court previously decided in its orders on Debtor's claimed exemptions, and the court determined that Debtor's statements in the Amended Schedule did not affect the law of the case set forth in the court's prior rulings, the Trustee's request is therefore moot. ECF 443 and 444, No. 2:15-bk-25283-RK.

g) <u>Order Debtor shall first submit all pleadings to be filed in the bankruptcy case or any adversary action related to the bankruptcy case for court approval before filing that the Court deems are not duplicative or frivolous</u>

Courts have the authority to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). For instance, the All Writs Act, 28 U.S.C. § 1651(a), permits a court to enjoin filing by litigants with abusive and lengthy

litigation histories. *Id.* A pre-filing order, however, "should be a remedy of last resort." *Id.* at 1062 (citations omitted). Under the Constitution, the right to access the courts is fundamental and essential to our democracy. *Id.* at 1061-1062. Moreover, courts should exercise particular caution before using a pre-filing order against a pro se plaintiff. *In re Greenstein*, 576 B.R. 139, 186 (Bankr. C.D. Cal. 2017) (citing *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (cited with approval in *De Long v. Hennessey*, 912 F.2d at 1147)).

A court imposing pre-filing restrictions must: (i) "give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (ii) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (iii) make substantive findings of frivolousness or harassment; and (iv) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d at 1062 (citing *De Long v. Hennessey*, 912 F.2d at 1147-1148). Elements one and two are procedural, while elements three and four are substantive.

Before imposing a pre-filing order, however, a court must evaluate whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate. *Id.* (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)). In order to make a finding of frivolousness or harassment by a litigant, courts must evaluate both the number *and* the content of the filings—either one on its own is insufficient:

> "While we have not established a numerical definition for frivolousness, we have said that even if a litigant's petition is frivolous, the court must make a finding that the number of complaints was inordinate. Litigiousness alone is not enough either: The plaintiff's claims must not only be numerous, but also be patently without merit."

*Id.* at 1064 (internal quotations and citations omitted).

Additionally, the Ninth Circuit stated in *Ringgold-Lockhart* that courts should consider five substantive factors when analyzing the two substantive elements and determining whether a party is a "vexatious litigant":

i. "the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

ii. the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

iii. whether the litigant is represented by counsel;

iv. whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

v. whether other sanctions would be adequate to protect the courts and other parties."

*Id.*

Although the Trustee provided an adequate summary of the procedural history of the case in the Motion, his analysis fails to support a finding that a pre-filing order is appropriate at this time.

The court finds that the first element, Debtor's history of litigation, weighs marginally in favor of Debtor. The Trustee identifies specific pleadings that he characterizes as duplicative or filed in bad faith, including:

(i) the Motion to Alter, or Amend the Judgment, or Request for New Trial regarding Debtor's homestead and tools of the trade exemption (Docket No. 364) and the turnover order (Docket No. 19 in Adv. No. 2:16-ap-01037), Docket No. 388 filed in the Bankruptcy Case, and Trustee's opposition thereto (Docket Nos. 389 and 390);

(ii) Debtor's Motion to Alter, or Amend the Judgment, or Request for New Trial on revocation of discharge and to amend the findings of fact and conclusions of law regarding same (Docket No. 123, Adv. No. 2:16-ap-

        01037-RK), Docket No. 137, Adv. No. 2:16-ap-01037-RK, and Trustee's Opposition thereto (Docket Nos. 139 and 140, Adv. No. 2:16-ap-01037-RK);

(iii)   Debtor's Motion for Trustee to Protect Debtor's Interest (Docket No. 47, Adv. No. 2:16-ap-01037-RK), Adv. No. 2:18-ap-01371-RK, and Trustee's Opposition thereto (Docket Nos. 49 and 50, Adv. No. 2:18-ap-01371-RK);

(iv)   Amended Schedules (Docket No. 393), filed on May 21, 2019 by the Debtor in the bankruptcy case;

(v)   Debtor's complaints in Adv. Nos. 2:16-ap-01037-RK and 2:19-ap-01126-RK; and,

(vi)   Debtor's amended complaint in Adv. No. 2:18-ap-01371-RK.

Motion at 9-10.

      The Trustee argues that the three adversary proceedings and additional pleadings in the bankruptcy case were filed in bad faith to harass the Trustee. The court agrees that Debtor's arguments have at times been repetitive, however, the Motion does not adequately demonstrate that the number *and* content of Debtor's pleadings indicate harassment or frivolousness.

      Judge Barash's opinion in *In re Greenstein* is apt here. In that case, Debtor was "proceeding pro se to remedy what she believe[d] was the wrongful foreclosure of her home. . . ." 576 B.R. at 187. In multiple proceedings Debtor in *In re Greenstein* alleged that her home was sold in the bankruptcy due to fraud, but she was unsuccessful in obtaining relief. *Id.* The court noted that her duplicative and futile pleadings did "not mean that her commencement of [the] proceedings [had] been abusive. The court [found] that she [had] been aggressively pursuing her rights, and at times [had] been misguided in her efforts, but the Court [was] not prepared to conclude that her conduct towards [the moving party had] been vexatious." *Id.* at 187-188. The Debtor in *In re Greenstein* started with motions seeking relief from an In Rem Order, which were denied. *Id.* at 188. Debtor also commenced multiple adversary proceedings "seeking the same relief, among other forms of relief," which were also unsuccessful. *Id.* Debtor's "course

-12-

of conduct was by no means efficient. But it [did] not appear to the court to be a pattern of abuse." *Id.*

Similarly, in this case, the court is not persuaded at this time that Debtor's motions and adversary complaints are sufficient to constitute a series of "frivolous" or "harassing" proceedings. Debtor's various motions for reconsideration have been both denied and granted. *Compare* "Order Denying Debtor's Motions for Reconsideration of Turnover of Commissions Order Due to New Facts in this Case," ECF 365, No. 2:15-bk-25283-RK, *with* "Order Granting Debtor's Motion for Reconsideration of Orders on Debtor's Claims of 'Tools of the Trade' and Homestead Exemption, Vacating Hearing and Setting Briefing Schedule," ECF 213, No. 2:15-bk-25283-RK. Those motions and others in these proceedings have been numerous, but like the court in *In re Greenstein,* on this record the court would characterize Debtor's conduct as aggressive and misguided rather than vexatious at this time. *In re Greenstein*, 576 B.R. at 187. Courts in the Ninth Circuit evaluate a pro se party's briefing and compliance with technical rules with "great leniency." *Tillman v. Danielson (In re Tillman)*, 2008 Bankr. LEXIS 4685, 2008 WL 8462961 at *2 (9th Cir. BAP 2008) (citing *Horphag Research Ltd. v. Garcia,* 475 F.3d 1029, 1034 (9th Cir.2006); *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir.1986)). The court has presided over all of Debtor's proceedings patiently and ruled impartially and with great latitude to him as a self-represented litigant. The court cautions Debtor that the court would likely be inclined to find sanctionable the filing of any further duplicative pleadings.

The court finds that the second element, Debtor's motive in pursuing the litigation, weighs in favor of Debtor. The Motion provides insufficient evidence that Debtor is proceeding in bad faith. As discussed *supra*, the court affords a certain degree of latitude to pro se debtors. Here, Debtor has brought his case with considerable effort and attention, notwithstanding the burden the case has placed on the Trustee and the court. On its face, the Motion does not adequately plead that Debtor does not objectively have a good faith belief that his position should prevail.

Third, as previously discussed, the Debtor is representing himself. This element weighs in favor of Debtor.

The court finds that the fourth element, whether Debtor has caused unnecessary expenses and posed a burden on other parties and the court, weighs only slightly in favor of Debtor. The court recognizes that these proceedings have imposed a burden on the Trustee and the court, but a prefiling injunction is not justified at this time. "[E]very person is entitled to his day in court, but no more. The administration of justice requires that there be finality to the judicial process." *Bullen v. DeBretteville*, 239 F.2d 824, 829 (9th Cir. 1956), *overruled on other grounds by, Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). But for Debtor recently filing appeals—instead of further duplicative actions before this court—the pre-filing order determination would very likely weigh in the Trustee's favor. Debtor is entitled to his day in court, and he has had that day and more.

Finally, pursuant to the fifth element under *Ringgold-Lockhart v. County of Los Angeles*, if Debtor commences any additional proceeding in this court asserting the same claims or defenses that have already been adjudicated, the Trustee may seek dismissal of the matter by *res judicata* and the court may reconsider an awarding of sanctions.

For the foregoing reasons, the court determines that a prefiling injunction is not appropriate at this time and denies the Trustee's request.

    h) <u>Order Debtor to pay attorney fees and costs of not less than $15,000 to Trustee's counsel and co-counsel as sanctions for causing Trustee to respond to Debtor's bad faith filings.</u>

Because the court is not imposing sanctions under Rule 9011, the court denies the Trustee's request for attorneys' fees and costs. *Markus v. Gschwend (In re Markus)*, 313 F.3d 1146, 1151 (9th Cir. 2002) ("It is clear that attorneys' fees and expenses incurred as a result of violating Bankruptcy Rule 9011 can be shifted only at the motion of one of the parties, and only after the rule-offending party has been given the benefit of the Rule's 21-day safe harbor[;]" citing *Barber v. Miller*, 146 F.3d at 710-711).

**C. Debtor is Cautioned that the Court has Authority to Reconsider the Issue of Vexatious Litigant Relief and Impose Sanctions on its Own Initiative Pursuant to Rule 9011(c)(1)(B)**

Pursuant to Rule 9011, a court may award appropriate sanctions on its own motion, if it first issues an order to show cause describing the specific misconduct. Fed. R. Bankr. P. 9011(c)(1)(B). The court reminds Debtor that the court may reconsider the sanctions issue should additional repetitive pleadings or otherwise harassing conduct occur in these proceedings.

IT IS SO ORDERED.

###

Date: October 15, 2019

_____
Robert Kwan
United States Bankruptcy Judge