

FILED & ENTERED

SEP 09 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　Debtor. | No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON MOTION BY CHAPTER 7 TRUSTEE OBJECTING TO THE DEBTOR'S AMENDED SCHEDULES FILED MAY 27, 2021 (DOCKET NO. 504) TO CLAIM A HOMESTEAD EXEMPTION IN REAL PROPERTY AT 329 HAWAIIAN AVENUE, WILMINGTON, CA AND TO CLAIM A "TOOLS OF THE TRADE" EXEMPTION IN COMMISSIONS**<br><br><u>Vacated Hearing</u><br>Date:　　　September 14, 2021<br>Time:　　　2:30 p.m. |

　　　On June 24, 2021, Wesley H. Avery, the Chapter 7 Trustee in this bankruptcy case ("Chapter 7 Trustee") filed his Motion by the Chapter 7 Trustee Objecting to the Debtor's Amended Schedules filed May 27, 2021 (Docket No. 504) to Claim a Homestead Exemption in Real Property at 329 Hawaiian Avenue, Wilmington, CA and to Claim a "Tools of the Trade" Exemption in Commissions ("motion") (Docket No. 505). Chapter 7 Trustee filed a request for judicial notice in support of the motion (Docket No. 508). Chapter 7 Trustee filed a notice of motion which noticed a hearing on the motion

before the court for August 10, 2021 at 2:30 p.m.

On July 28, 2021, Arturo Gonzalez, the debtor in this bankruptcy case ("Debtor"), filed his Debtor's Response to Trustee's Objecting to the Debtor's Amended Schedules (Docket No. 512). On August 2, 2021, Chapter 7 Trustee filed a Reply to Response to Motion by the Chapter 7 Trustee Objecting to the Debtor's Amended Schedules filed May 27, 2021 (Docket No. 504) to Claim a Homestead Exemption in the Real Property at 329 Hawaiian Avenue, Wilmington, CA and to Claim a "Tools of the Trade" Exemption in Commissions ("reply") (Docket No. 513).

On August 4, 2021, Debtor filed an Ex Parte Application to Continue Hearing in Order to Elaborate on Debtor's Response to Trustee's Change of Exemption, Due to Debtor Needing to Elaborate on the Response an[d] Pointing to a Second Scenario (Docket No. 514). The court granted Debtor's ex parte application and issued an order continuing the hearing on Chapter 7 Trustee's motion from August 10, 2021 to September 14, 2021 at 2:30 p.m. The court ordered Debtor to file his "elaboration" response to the motion not later than August 31, 2021. On September 1, 2021, Debtor filed his response called "Elaboration on the Amended Schedules". Docket No. 517. A reply to the Debtor's Elaboration was due September 7, 2021, but Chapter 7 Trustee did not file a reply.

Having considered the Chapter 7 Trustee's motion and the Debtor's responses thereto, the court determines that oral argument on the motion is not necessary, takes the motion under submission, vacates the hearing on the motion on September 14, 2021 which is taken off calendar and rules on the motion on the papers pursuant to Local Bankruptcy Rule 9013-1(j)(3) for the reasons set forth in this memorandum decision and as reflected in its separate final order being filed and entered concurrently herewith.

On May 27, 2021, Debtor filed his amended bankruptcy schedules (Docket No. 504), including an amended Schedule C, Property Claimed as Exempt, in which Debtor stated: "Debtor does not claim any exemptions, see Schedule F" and listed the value of

each exemption as "$0." In his motion, Chapter 7 trustee objects to the Debtor's newly amended schedules based on the doctrines of the law of the case and issue preclusion that on May 21, 2019, debtor had previously filed amended bankruptcy schedules and did not claim any exemptions, and the court had ruled on Chapter 7 Trustee's objection to these amended schedules that the law of the case prevented Debtor from amending his schedules to claim a homestead exemption or exemptions in real estate sales commissions different from what previously decided by the court in its prior orders on Debtor's claimed exemptions. *See* Memorandum Decision and Order Granting in Part and Denying in Part Chapter 7 Trustee's Motion Objecting to Exemptions Claimed in Debtor's Amended Schedule[s] Filed on May 21, 2019, Docket Nos. 443 and 444, entered August 21, 2019. In its August 21, 2019 order, the court ruled: "To the extent that Debtor's Schedule C in his amended schedules, filed on May 21, 2019, purports to amend to claim a homestead exemption or exemptions in real estate sales commissions different from what previously decided by the court in its orders on Debtor's claimed exemptions, filed and entered on July 12, 2016 and April 26, 2019, such exemptions are disallowed." Docket No. 444 at ¶ 2. The court further stated in this order: "The court determines that Debtor's expressions of his views regarding his claimed exemptions are only expressions of his views and do not affect the law of the case previously established in these orders." *Id*. at ¶ 3.

Chapter 7 Trustee argues that in his amended schedules, Debtor reduced his homestead and tool of the trade exemptions to $0 to recover the proceeds of the sale of the Hawaiian Avenue Property and the real estate commission and therefore, Debtor could argue that Chapter 7 Trustee should not have proceeded to recover these assets. Docket No. 505 at 4 (internal citation page 3). Additionally, Chapter 7 Trustee argues that Debtor's amended schedules are an attempt to keep this case open. *Id.* at 6 (internal citation page 5). Further, Chapter 7 Trustee seeks an order barring Debtor from further amending his schedules pertaining to exemptions related to the homestead, tools of the trade and real estate commissions, which the court has already ruled upon.

*Id.*

Debtor's responses to the motion do not assert any legal cognizable reasons for denial of Chapter 7 Trustee's motion. Docket Nos. 512 and 517. The gist of Debtor's arguments is that he now believes that he did not need to originally claim any exemptions because in his view, there were sufficient funds to pay the unsecured creditors in this case, and there was no need to proceed with the bankruptcy case. *See,* Elaboration Response, Docket No. 517. However, Debtor cannot rewrite the history of the litigation in his bankruptcy case as the parties have conducted extensive litigation regarding their rights in this bankruptcy case, including several adversary proceedings, resulting in final orders of the court, for which appeals have been taken and been determined, as the case dockets for the main bankruptcy case and the related adversary proceedings reflect. *See* Case Dockets, Main Bankruptcy Case and Related Adversary Proceedings.

By the motion, Chapter 7 Trustee seeks to disallow Debtor's May 27, 2021 amended bankruptcy schedules pertaining to exemptions based on the doctrine of the law of the case. "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000), quoting *Liberty Mutual Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir. 1982). "Application of the doctrine is discretionary." *Id*., citing *United States v. Mills*, 810 F.2d, 909 (9th Cir. 1987); *see also, Mirchandani v. United States*, 836 F.2d 1223, 1225 (9th Cir. 1988) (the law-of-the-case doctrine does not apply where the previous court did not reach their decision based on the merits).

Chapter 7 Trustee also seeks to disallow Debtor's amended schedules of May 27, 2021 pertaining to exemptions on grounds of issue preclusion. In this regard, Chapter 7 Trustee relies upon the recent Ninth Circuit decision in *In re Albert*, 998 F.3d 1088 (9th Cir. 2021) to support his argument that Debtor is not allowed to amend his schedules regarding exemptions on the grounds of issue preclusion because Debtor

previously claimed exemptions which the court ruled upon. In *Albert*, the Ninth Circuit held that the debtor, Albert, may not amend her exemptions if the bankruptcy court previously denied her claimed exemptions in the same assets and under the same California exemption statutes, due to the preclusive effect of the bankruptcy court's prior order denying such exemptions. *Id*. When Albert initiated her bankruptcy case by filing her Chapter 13 bankruptcy petition, she claimed exemptions in counterclaims that she filed in state court against Ford Motor Credit Company as well as accounts receivable from her former clients. *Id*. at 1090. She claimed these assets as exempt under California Code of Civile Procedure §§ 704.140 and 704.210. *Id*. The bankruptcy court sustained the objections to these exemptions. *Id*. The bankruptcy court converted Albert's bankruptcy case from Chapter 13 to Chapter 7, and Albert claimed the same exemptions when the case was in Chapter 7 that the court previously denied when the case was in Chapter 13. *Id*. Since the bankruptcy court had previously denied Albert's claimed exemptions on the same assets under the same California statutes, the bankruptcy court held that she is not allowed to amend her schedules to claim the same exemptions due to issue preclusion. *Id.* The Ninth Circuit affirmed the bankruptcy court's disallowance of Albert's claiming these exemptions again after the bankruptcy court disallowed them, stating:

> To hold otherwise would not only undermine the finality of exemption orders, *In re Gilman*, 887 F.3d [956] at 961-64 [(9th Cir. 2018)], but would considerably frustrate the trustee's duty to expeditiously close the debtor's estate, *see In re Riverside-Linden Invest. Co*., 925 F.2d 320, 322 (9th Cir. 1991). Debtors can amend their exemptions as a matter of course, Fed. R. Bankr. P. 1009(a), so if orders denying exemptions carry no preclusive weight, debtors could delay matters by claiming the same property as exempt time and time again. Debtors could also decline to meaningfully press their claims, and creditors would bear the brunt of such behavior, as the relitigation of resolved issues would drain estate—not to mention judicial—resources. Those burdens are precisely what the preclusion doctrines were designed to avoid, *see Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008), and they remain available to the bankruptcy courts when ruling on previously denied claims.

*Id*. at 1092. In *Albert,* the Ninth Circuit observed that the doctrine of issue preclusion

1  "bars successive litigation of an issue of fact or law that was actually litigated and
2  resolved in a valid court determination." *Id*. at 1093, *citing and quoting, Taylor v.*
3  *Sturgell,* 553 U.S. at 892 (internal quotation marks omitted).  As the Ninth Circuit further
4  stated, to prevail under issue preclusion, "the party asserting preclusion must show that
5  the earlier issue is 'identical to the one which is sought to be relitigated,' that the 'first
6  proceeding ended with a final judgment on the merits,' and that 'the party against whom
7  [issue preclusion] is asserted was a party' to the first proceeding." *Id*. (citations
8  omitted).

9        In determining whether Chapter 7 Trustee's motion should be granted based on
10 the law of the case and issue preclusion, the court first reviews the procedural history of
11 Debtor's amended schedules, filed on May 21, 2019 and on May 27, 2021.  On May 21,
12 2019, Debtor filed an amended Schedule C in which he did not claim any exemptions.
13 Amended Schedules, Docket No. 393.  That is, on this Amended Schedule C, no
14 exemption amounts were claimed, no assets were claimed as exempt and no statutes
15 were cited as the basis for any exemptions.  *Id.*  Instead, Debtor wrote a long
16 explanatory note in the description of property section on the amended Schedule C with
17 argumentative statements about why he could not claim any exemptions, why the
18 administration of this bankruptcy case was not needed and why he was damaged by
19 such administration.  *Id.*  Chapter 7 Trustee filed a Motion Objecting to Exemptions
20 Claimed in Debtor's Amended Schedules filed on May 21, 2019.  Docket No. 395.  On
21 August 21, 2019, this court ruled on this motion, entering an Order Granting in Part and
22 Denying in Part Chapter 7 Trustee's Motion Objecting to Exemptions Claimed in
23 Debtor's Amended Schedules filed on May 21, 2019.  Docket No. 444.  In the court's
24 order on Chapter 7 Trustee's motion objecting to Debtor's May 21, 2019 amended
25 schedules (Docket No. 393, filed on May 25, 2019), the court ruled that to the extent
26 that the amended schedules purported to amend to claim a homestead exemption or
27 exemptions in real estate sales commissions different from what this court previously
28 decided in its orders on Debtor's claimed exemptions, filed and entered on July 12,

2016 and April 26, 2019, such exemptions were disallowed.  *See* Docket No. 444 at ¶ 2.  The court determined that Debtor's views stated in his amended schedules of May 19, 2019 regarding his claimed exemptions do not affect the law of the case previously established in the case.  *See id*. at ¶ 3.

Currently before the court is Debtor's Amended Schedule C, filed on May 27, 2021, in which he does not claim any specific exemptions.  Docket No. 504.  Unlike the May 21, 2019 amended schedules, Debtor lists various assets in the property descriptions on the Amended Schedule C, states that he is not claiming any exemptions as to these listed assets, states that the amounts of the exemptions are "$0," but cites no statutes to claim any exemptions.  *Id.*

Chapter 7 Trustee argues that since Debtor previously tried to not claim any exemption in his May 2019 amended schedules, which the court disallowed in part, the doctrine of the law of the case applies, and Debtor's amended schedules should not be allowed.  It is correct as Chapter 7 Trustee contends that Debtor previously tried to not claim any exemption on his May 21, 2019 amended schedules as no exemption amounts were claimed, no assets were claimed as exempt and no statutes were cited as the basis for any exemptions.  The court's ruling on Chapter 7 Trustee's objection to Debtor's May 21, 2019 amended schedules was that to the extent that Debtor's Schedule C, filed on May 27, 2021, purports to amend to claim a homestead exemption or exemptions in real estate sales commissions different from what previously decided by the court in its orders on Debtor's claimed exemptions, filed and entered on July 12, 2016 and April 26, 2019, such exemptions are disallowed.  In retrospect, the court now observes that Debtor on his May 21, 2019 amended schedules was not claiming any exemptions, and not that he was claiming different ones.

Now before the court are Debtor's May 27, 2021 amended schedules in which he listed various assets on the Amended Schedule C, stated: "Debtor does not claim any exemptions, see Schedule F" and listed the value of each exemption as "$0."  The 2019 and 2021 amended schedules seems to be the same in practical effect because in 2019

1  Debtor attempted to amend his schedules and did not claim any exemptions and in
2  2021 Debtor amended his Schedule C to claim $0.00 exemptions, essentially not
3  claiming any exemptions.  However, claiming no exemptions in 2019 and claiming
4  exemptions of "$0" in 2021 appear to be different as on the 2021 amended schedules,
5  Debtor listed specific assets with a claimed exemption of "$0", some of which involved
6  claimed monetary exemptions in excess of $0, which the court had previously
7  determined in contested litigation.  The court had not determined exemptions in the
8  amount of $0 in ruling upon the 2019 amended schedules.  As previously observed, the
9  Ninth Circuit stated about the doctrine of the law of the case: "For the doctrine to apply,
10 the issue in question must have been 'decided explicitly or by necessary implication in
11 [the] previous disposition.'"  *United States v. Lummi Indian Tribe*, 235 F.3d at 452
12 (citation omitted).  The doctrine of the law of the case does not generally apply here
13 because the court did not previously decide explicitly or implicitly exemptions valued at
14 $0.  Moreover, it seems to the court that if Debtor wanted to amend his bankruptcy
15 schedules to reduce his exemptions to $0, or claim lesser exemption amounts than
16 allowed by the court, there is no legal reason to preclude him from doing that.  In this
17 regard, this situation is different from *Albert* where the debtor was trying to claim
18 exemptions that were previously disallowed by the court.  In this situation, Debtor is not
19 claiming exemptions that were previously disallowed by the court.
20     However, the doctrine of the law of the case does apply to Debtor's Amended
21 Schedule C filed on May 27, 2021 to a limited extent, that is, as the court previously
22 ruled, to the extent that Debtor's Amended Schedule C purports to amend to claim a
23 homestead exemption or exemptions in real estate sales commissions different from
24 what this court previously decided in its orders on Debtor's claimed exemptions, filed
25 and entered on July 12, 2016 and April 26, 2019, such exemptions are disallowed as
26 established by the court's decisions on Debtor's exemptions in these orders as well as
27 the court's August 21, 2019 order.  But it appears that this is not the situation with the
28 May 27, 2021 amended schedules.   Accordingly, the court will grant the motion in part

and deny it in part as to the law of the case.

Regarding issue preclusion, as previously observed, the Ninth Circuit in *In re Albert,* to prevail under the doctrine, "the party asserting preclusion must show that the earlier issue is 'identical to the one which is sought to be relitigated,' that the 'first proceeding ended with a final judgment on the merits,' and that 'the party against whom [issue preclusion] is asserted was a party' to the first proceeding."  998 F.3d at 1093. In this situation, the second and third elements of issue preclusion are met, that is, the court's ruling on the 2021 amended schedules is a final judgment on the merits, the parties to the prior dispute over the 2019 amended schedules and the current dispute over the 2021 amended schedules are the same, Debtor and Chapter 7 Trustee. However, the first element of issue preclusion that the issue to be litigated is not the same as the one previously litigated.  In 2019, Debtor amended his schedules without listing specific assets on Schedule C and did not claim any exemptions, and in 2021, Debtor amended his schedules listing specific assets on Schedule C, stating that he was claiming no exemptions for these specific assets, and stating the values of the exemptions of these assets as "$0."  By stating the values of the exemptions as $0. Debtor was changing the value of the exemptions from what values were previously determined to zero, which is an issue not previously decided regarding the 2019 amended schedules.  The issue then is Debtor precluded by issue preclusion from amending his schedules to take exemptions less than the court previously determined. To be sure, Debtor cannot claim exemptions disallowed by the court and cannot claim them in amounts above what was allowed by the court.  However, there does not seem to be any legal reason to disallow Debtor's amendment of schedules to claim exemptions in lesser amounts than allowed by the court.   Because Debtor did not claim any exemptions in the May 2019 amended schedules and the court has not made a substantive determination regarding the $0 exemptions on any amended schedules, the court determines that issue preclusion does not apply here and will deny the motion in part as to issue preclusion.

     Regarding Chapter 7 Trustee's request to bar Debtor from amending his schedules in the future, Federal Rule of Bankruptcy Procedure 1009 provides that: "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."  As recognized by the Ninth Circuit Bankruptcy Appellate Panel in *In re Goswami*, 304 B.R. 386 (9th Cir. BAP 2003), the Ninth Circuit has a liberal policy of "allowing debtors to amend their exemptions schedules so as to enhance their fresh start." *Id.* at 394, *citing, In re Michael,* 163 F.3d 526, 529 (9th Cir. 1998).  As the Bankruptcy Appellate Panel further noted in *Goswami*, "The liberal rule governing amendments reflects the Ninth Circuit's 'preference for resolution on the merits, as against strict adherence to formalities*.*'" *Id., citing and quoting, In re Anderson–Walker Indus., Inc.,* 798 F.2d 1285, 1287 (9th Cir.1986).  In light of the policy of liberality of amendment of bankruptcy petition documents, expressly including bankruptcy schedules, as stated in Rule 1009 and as recognized in the case law, there does not appear to be any legal authority to allow this court to bar any further amendments by the Debtor of his schedules at this time as requested by Chapter 7 Trustee.  Accordingly, the court will deny Chapter 7 Trustee's request to prevent Debtor from filing further amended schedules.

     For the foregoing reasons, the court will grant the motion in part and deny the motion in part.  Since the court has ruled on the motion by this order, the court will vacate the hearing on the motion scheduled for September 14, 2021 at 2:30 p.m.  A separate final order ruling on the motion will be filed and entered concurrently herewith.

     IT IS SO ORDERED.

\#\#

Date: September 9, 2021

_____
Robert Kwan
United States Bankruptcy Judge