FILED & ENTERED

OCT 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                        Debtor. | No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>**ORDER (1) DENYING DEBTOR'S MOTION TO STAY THE BANKRUPCY CASE AND (2) VACATING THE NOVEMBER 1, 2022 HEARING**<br><br>**<u>Vacated Hearing</u>**<br>Date:  November 1, 2022<br>Time:  2:30 p.m. |

      On October 6, 2022, Debtor Arturo Gonzalez filed a Motion to Stay the Case Due to the Bankruptcy Court Being in Subordinate Position ("motion") (Docket No. 670). The caption of the motion lists a hearing date of November 1, 2022 at 2:30 p.m. On October 18, 2022, Chapter 7 Trustee Wesley H. Avery filed an opposition to the motion (Docket No. 674). However, the motion was not properly noticed for hearing because it was not accompanied by a written notice of motion as required by Local Bankruptcy Rule 9013-1(c)(2).

      Having considered the motion and opposition, pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court determines that a reply and oral arguments are not necessary, dispenses with oral argument on the motion, takes the motion under submission, and

denies the motion for insufficient cause.

Debtor's motion to stay the bankruptcy case does not establish a factual or legal basis to support a stay of this bankruptcy case. Debtor apparently argues that his appeal before the District Court of this court's order granting in part and denying in part Trustee's motion objecting to Debtor's amended schedules deprives this court of continuing jurisdiction over the bankruptcy case. Motion at 2-4.

However, as the United States Court of Appeals for the Ninth Circuit has stated:

> The general rule that a properly filed notice of appeal deprives the trial court of jurisdiction to proceed further except by leave of the appellate court does not apply in bankruptcy proceedings. Appellants' contention to the contrary is refuted by the very case they cite:
>
> > (P)roceedings in bankruptcy should not halt merely because interlocutory orders are appealed from the referee . . . (rather,) a case should continue to be adjudicated on the merits by the referee unless the order appealed from was of such a nature as to render further proceedings useless.
>
> *Mavity v. Associates Discount Corporation*, 320 F.2d 133, 136 (5th Cir. 1963).
>
> The Trustee in a bankruptcy proceeding is expected and encouraged to proceed with administration of the estate after the entry and during the appeal of an order of adjudication. *Georgia Jewelers, Inc. v. Bulova Watch Co.,* 302 F.2d 362, 370 (5th Cir. 1962).

*Matter of Christian and Porter Aluminum Co.,* 584 F.2d 326, 334 (9th Cir. 1978).

As a general rule, an appeal of an order in a bankruptcy case does not deprive the bankruptcy court of jurisdiction over the case unless the order appealed from was of such a nature as to render further proceedings useless. *Id.* (citation omitted). Debtor has not shown that the court's order that he has appealed from was of such a nature as to render further proceedings useless based on his arguments in support of his motion at pages 2-4, that is, by showing that he can now amend his bankruptcy schedules to change his exemptions to show that there were no dischargeable debts to justify the administration of this bankruptcy case that he initiated with a voluntary petition for relief

under Chapter 7 of the Bankruptcy Code with the assistance of counsel.  As stated in the court's order on Trustee's motion objecting to Debtor's amended schedules, Debtor cannot now change his exemptions because his exemptions have been adjudicated to final judgments are now nonappealable, the law of the case and/or res judicata. Debtor's claimed exemptions under California Code of Civil Procedure § 703.140(b)(1) and (5) were determined in a final order of this court in the contested matter of Trustee's objections to such exemptions entered on July 12, 2016, and there was no timely notice of appeal of that order.  Debtor's claimed exemptions under California Code of Civil Procedure § 704.060 were finally determined by the District Court in Case No. 2:19-cv-07779-JVS (C.D. Cal.) on September 10, 2020 when that court denied Debtor's motion for reconsideration of the dismissal of his appeal of this court's order disallowing such exemptions based on equitable estoppel in the contested matter of Trustee's motion objecting to such exemptions.  Since it appears that Debtor's pending appeal of the court's order on Trustee's motion objecting to Debtor's amended schedules lacks merit, its resolution does not render further proceedings in this bankruptcy case useless, and Trustee was expected and encouraged to continue administration of the case as he has done based on what the Ninth Circuit has stated in *Matter of Christian and Porter Aluminum Co.,* 584 F.2d at 334.

The cases cited by Debtor, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), *In re Strawberry Square Associates*, 152 B.R. 699 (Bankr. E.D. N.Y. 1993); and *In re Bryant*, 175 B.R. 9, 11-12 (W.D. Va. 1994) at pages 2-3 of the Motion do not support Debtor's motion because such authorities are inapplicable and/or not controlling or persuasive in this case.  *Griggs* did not involve bankruptcy court proceedings, and is thus inapplicable.  459 U.S. at 58.  *Strawberry Square Associates* recognized that an appeal in a bankruptcy case does not deprive the court of jurisdiction of other aspects of the case not under appeal and thus, does not support Debtor's motion.  152 B.R. at 701-702.  The approval of Trustee's final report and allowance of professional fees are not issues under Debtor's appeal of the court's order on Trustee's

motion objecting to Debtor's amended schedules.  In any event, *Strawberry Square Associates* was a decision of an out of circuit bankruptcy court and not binding or controlling on this court.  In this court's view, the appropriate jurisdictional standard was set out by the Ninth Circuit whose decisions are controlling on this court in *Matter of Christian and Porter Aluminum Co.* as to whether an appeal of a bankruptcy court order divests the court of jurisdiction.  *Bryant* was a decision of an out of circuit district court and not binding or controlling on this court.  *Bryant* applied the jurisdictional standard applicable to the district court involving an appeal before the court of appeals to the bankruptcy court, citing *Griggs.*  175 B.R. at 11-12.  Based on *Matter of Christian and Porter Aluminum Co.,* the standard stated by the district court in *Bryant* is not completely appropriate.  Accordingly, the court does not apply the standards enunciated in the cases cited by Debtor.

      The court does not address Trustee's argument regarding a motion for stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007 because there is no pending appeal of the order approving Trustee's final report and fee applications of Trustee and his professionals, and thus, there can be no pending motion for stay pending appeal.  Debtor has a pending motion for reconsideration under Federal Rule of Bankruptcy Procedure 9023, and thus, discussion of a stay pending appeal is premature.

      Additionally, the court denies Debtor's motion for stay of the bankruptcy case because the motion was not accompanied by a written notice of motion as required by Local Bankruptcy Rule 9013-1(c)(2) on the mandatory court form, Hearing Notice, Form F9013-1.1.HEARING.NOTICE.  Even though Debtor is a self-represented litigant, he is required to comply with the court's rules the same as parties represented by counsel as stated in Local Bankruptcy Rule 9011-2(d).

///

///

///

Because the court has ruled on Debtor's motion by this written order, the hearing on the motion for November 1, 2022 at 2:30 p.m. is vacated.  No appearances are required on the motion on November 1, 2022 as the court will not call the motion for hearing on that date.

IT IS SO ORDERED.

###

Date: October 19, 2022

Robert Kwan
United States Bankruptcy Judge