

**FILED & ENTERED**

**MAY 10 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** vandenst **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:15-bk-25283-RK |
| ARTURO GONZALEZ, | Chapter 7 |
| Debtor. | **MEMORANDUM DECISION ON TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION, DEBTOR'S OBJECTION THERETO, AND CLOSING CHAPTER 7 ASSET BANKRUPTCY CASE** |

      On or about July 26, 2022, the Chapter 7 Trustee filed and served a notice of his final report and fee application and the final fee applications of his professionals, his attorney and his accountant, which also had been previously filed shortly before. On August 17, 2022, September 6, 2022 and September 13, 2022, Debtor Arturo Gonzalez filed and served objections to the fee applications of the trustee and his professionals. On September 20, 2022, the court held a hearing on the trustee's final report and fee application and the final fee applications of the trustee's professionals. On September 21, 2022, the court filed and entered its order approving the final fee applications of the trustee and his professionals. On October 4, 2022, Debtor filed his motion for reconsideration of the court's order approving the final fee applications of the trustee

and his professionals. On November 9, 2022, the court filed and entered its memorandum decision and its order denying Debtor's motion for reconsideration.

On November 30, 2022, Debtor filed his notice of appeal of the court's order denying his motion for reconsideration of the order approving the final fee applications of the trustee and his professionals to the United States District Court. On October 27, 2023, the United States District Court dismissed Debtor's appeal. *In re Gonzalez,* No. 2:22-cv-08785-JVS (C.D. Cal. Oct. 27, 2023). On November 17, 2023, Debtor filed a motion for reconsideration of the dismissal of his appeal, which was denied by the District Court in an order filed and entered on January 3, 2024. *In re Gonzalez,* No. 2:22-cv-08785-JVS (C.D. Cal. Jan. 4, 2024).

The court has also resolved Debtor's numerous motions for relief from final judgment and orders and for removal of the trustee pursuant to Federal Rule of Civil Procedure 60(b) and 11 U.S.C. § 324(a), which had been pending in the bankruptcy case and in the related adversary proceeding of *Avery v. Gonzalez,* Adv. No. 2:16-1p-01037-RK, by issuing its written orders filed and entered on March 25, 27 and 28 and May 1 and 10, 2024 (Docket Nos. 858, 859, 861, 867 and 871 in the main bankruptcy case and Docket Nos. 281 and 287 in the adversary proceeding).

On December 1, 2022, the trustee filed the Trustee's Final Account and Distribution Report Certification that the bankruptcy estate has been fully administered and an application to be discharged. No objection has been made by the United States Trustee. However, on December 14, 2022, Debtor filed and served an objection to the Trustee's Final Account and Distribution Report Certification. Debtor did not notice his objection as a motion for hearing. The court has not previously ruled upon Debtor's objection to the Trustee's Final Account and Distribution Report Certification

Federal Rule of Bankruptcy Procedure 5009 provides as follows: "If in a chapter 7 . . . case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the

estate has been fully administered." Because a party in interest, Debtor, filed an objection to the Trustee's Final Account and Distribution Report Certification within 30 days of its filing by the trustee, there is no presumption under Rule 5009 that the estate has been fully administered.

Having reviewed the Trustee's Final Account and Distribution Report Certification and Debtor's objection thereto, the court will overrule Debtor's objection because there is no admissible evidence in support of the objection, specifically, Debtor's objection does not contain admissible testimony under a declaration under penalty of perjury; rather it is comprised of Debtor's arguments that the trustee should not be discharged because as Debtor contends there are no unsecured creditors in the case and the bankruptcy estate will pay no unsecured claims in the case. Objection, Docket No. 722 at 1-2. Debtor in his objection does not otherwise contest the accuracy or completeness of the Trustee's Final Account and Distribution Report Certification. *Id.* at 1-3. The court has considered similar arguments made by Debtor that the trustee should not have administered the bankruptcy estate in this case because he (Debtor) had no collectible and potentially dischargeable unsecured debts and has rejected such arguments in ruling on Debtor's motion to remove the trustee and Debtor's revised motion to vacate various orders and documents in this case as set forth in its memorandum decisions in Docket No. 868, filed and entered on May 1, 2024, and Docket No. 872, filed and entered on May 10, 2024. Similarly, the court will find that Debtor's arguments in support of his objection to the Trustee's Final Account and Distribution Report Certification lack merit, and the court will reject such arguments and overrule the objection.

In the Trustee's Final Account and Distribution Report Certification, the trustee certified under penalty of perjury that:

> All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law.

Trustee's Final Account and Distribution Report Certification, Docket No. 692 at 1. Based on the foregoing, the trustee requested to be discharged from further duties as a trustee. *Id.* The trustee in this document also provided a summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration. *Id.* at 1-26.

Having reviewed Trustee's Final Account and Distribution Report Certification, overruled Debtor's objection thereto and noted that no other party in interest, including the United States Trustee, has filed any objection thereto, the court will find the Trustee's Final Account and Distribution Report Certification to be accurate and complete and will approve it, and accordingly, the court will further determine that the bankruptcy estate and case have been fully administered and that the trustee should be discharged from further duties as trustee. Therefore, the court will discharge the trustee from further duties as trustee in this case and order his bond exonerated.

11 U.S.C. § 350(a) provides as follows: "After an estate has been fully administered and the court has discharged the trustee, the court shall close the case."

Since the court will determine that the bankruptcy estate and case have been fully administered in this case and the court will discharge the trustee, the court will also order that the case be closed pursuant to 11 U.S.C. § 350(a).

The court will enter a separate order to implement its rulings set forth in this memorandum decision. The order closing this Chapter 7 bankruptcy case will be a final, appealable order. *See In re Willingham*, BAP Nos. CC-23-1105-FGC and CC-23-1184-FGC, 2024 WL 1299106 (9th Cir. BAP Mar. 27, 2024) (unpublished memorandum opinion).

///

///

Main Document    Page 5 of 5

Debtor and other parties in interest may seek to reopen the case, if appropriate, pursuant to 11 U.S.C. § 350(b) upon a proper motion filed and served in accordance with Federal Rules of Bankruptcy Procedure 5010 and 9013 and Local Bankruptcy Rules 5010-1 and 9013-1.

IT IS SO ORDERED.

###

Date: May 10, 2024

_____
Robert Kwan
United States Bankruptcy Judge